■ Lansing, Ch. J.
delivered the opinion of the court. It is clear that the acts of a party cannot be evidence in his favor when offered by himself. The letters of the plaintiffs called for by themselves, were, therefore, properly excluded.
On the second point, we concur in the opinion delivered at the trial. Although the conduct of the defendant in the first instance, by giving credit to M’Gregor, and delivering to him the bill without authority would have made him liable to the plaintiffs, they afterwards waived his responsibility by ratifying his acts. There does not appear to have been any concealment on the part of the defendant. After his arrival in England it is to be presumed, that the plaintiffs were made acquainted with the situation in which the business stood. They certainly knew the delay which had taken place. Instead of censuring the defendant, or informing him that they supposed he had neglected Their interest, [*133] they undertook by a direct correspondence with M’Gregor, to obtain satisfaction from him, and informed him, that they had adopted the friendly mode of writing for an immediate remittance, in preference to applying to any other of their friends on the occasion; thereby tacitly approving of the confidence the defendant had placed in him, though in strong terms, complaining of M’Gregor’s neglect.
This was in June, 1796, and M’Gregor remained solvent till the beginning of 1798. After the defendant’s return to New York, in June, 1797, the plaintiffs again wrote to the defendant, requesting him to obtain payment from M’Gregor, and that if he did not pay, to take every legal step to recover the money, at the same time complaining of ill treatment from M’Gregor but expressing their reliance on the defendant’s attention to their interest. This letter also plainly implies, that they approved of the defendant’s previous conduct, and considered M’Gregor only as responsible. The defendant did not answer this letter, but the plaintiffs having taken the business into their own hands, and thereby discharged him from his agency, he was not under a legal obligation to answer it. If the plaintiffs had in the first *132 instance, on being informed of the situation of the debt; given notice to, the defendant, that they intended to hold him responsible, all the time from, the 12th September, 1796, to the period of M’Gregor’s insolvency, would have been allowed him to prosecute the payment, and seelt his indemnity. Instead of doing this, they made feeble attempts to obtain satisfaction from M’Gregor, and these having failed they now wish to resort to the defendant.' After their long and re-peatéd acquiescence in "his conduct, we are óf opinion that this óüght not to be permitted, and that, therefore, the direction of the judge at the trial, and the verdict upon the evidence, were right.(a)
Rule, refused.

 Omnis ratihabitio retrolrahitur et mandato priori iequiparatur. If with a knowledge of all the circumstances an employer adopts the acts of bis agent for a moment he is bound by them: Per BulIer J. in Smith v. Cologan, 2 T. R. 189.(n) Moss v. The Russie Lead Mining Co., 5 Hill, .137. Odiorne v. Maxcy, 13 Mass. R. 178. Fisher v. Willard, id. 379. Clark’s ex’rs v. Van Riemsdyk, 9 Cranch, 153. Conn v. Penn, 1 Peters’ C. C. R. 496. Lorraine v. Cartwright, 3 Wash. C. C. R. 151; This is also the rule of the civil and the foreign law. Dig. lib. 50, tit. 17,1. 60. Pothier,. Pand. L. 17; tit. l,n.' 19. Thus'where a master having been guilty of a breach of orders in pursuing voyages contrary to his instructions, the principals received the freights earned during the voyages without disavowing or disapproving the conduct of the master, and moreover declared that they found no fault with him but for not writing, these acts were held to be A waiver of any right to sue for damages on account of disobedience. • Codwise v. Hacker, 1 Caines’ R. 526. And where several persons agreed in writing to take an interest hi a voyage and appointed P. and C. to make purchases; who' made them separately on credit, and the parties accepted and shipped the goods purchased ; held that the separate purchases were ratified and that subsequent signers o’f the contract were bound as ratifying the purchases. French v. Price, 24 Pick., 13. And where an agent to collect a note bartered it for cattle to A., who collected il of the maker, and gave his own note to his principal who knew all the facts; held, that the acceptance of the note made the barter valid. Cushman v. Lakes, 2 Mass. R. 106. See further upon the general rule, Brown v. Manning et al. 6 Ohio R. 304. Owings v. Hall, 9 Peters, 607. Barbour v. Craig, Littel’s Select Cases, 213 Weist v. Yode, Bibb. R. 530. Murray v. Toland, 3 Johns. Ch. R. 569. Kupfer v. Augusta, 12 Mass, ,R,. 185. Thorndike v. Godfrey, 3 Greenleaf, 429. A principal informed of the acts of his agent must express his dissatisfaction in a reasonable time or his assent will be presumed; Caines v. Bleecker, 12 Johns... R. 300; Vianna v. Barclay, 3 Cowen, 281; unless the notice came, too late to prevent the effect of these, acts, Shaw v. Nudd, *133 8 Pick. R. 9. Amory v. Hamilton, 17 Mass. R. 103. Frothingham v. Haley, 3 id. 68. See Erich v. Johnson, 6 id. 193. Ratification may be presumed from the acts or omissions of the principal, Delafield v. State of Illinois, 26 Wend. ] 92; and when once made, it relates back to the time of the original transaction, Lawrence v. Taylor, 5 Hill, 107. After the principal has adopted the acts of an agent, of course the latter is not responsible to the former therefor, though they turn out to be injurious. Corning v. Southland, 3 Hill, 552, and references.