Calvin Witty, Respondent, *v.* Anthony F. Campbell, sheriff, Appellant.

The defendant attached property in an action against K. The plaintiff, claiming to own it, brought replevin, but the defendant retained possession by giving an undertaking, and afterwards, by authority of an order of court, sold a portion as perishable. K. assigned to the plaintiff his interest in the avails of this sale. The attachment was subsequently vacated upon K.'s application, but possession of the property was not given up by the defendant. The plaintiff made a demand for the money realized from the sale, and upon refusal commenced this action, claiming under the assignment from K. The defendant pleaded the pendency of the replevin suit.—*Held*, no bar to the present action. The recovery here would show that the property sold belonged to K. and would be available as a defence to the first action to that extent.—*Held*, further, that the defendant was not estopped from denying that the property belonged to K. by having attached it as his, for the order of attachment has been vacated, and he was not bound to return it to K. unless K. had some title or interest. Such return would be no defence in the replevin suit.

(Argued January 11th; decided May 1, 1871.)

Appeal from an order of the General Term of the Supreme Court, in the second district, affirming a judgment in favor of the plaintiff.

This action was tried at the Kings county circuit in June, 1865, before the judge without a jury. All the evidence consisted of the admissions made in the pleadings and upon the trial, and the following facts appeared:

On the 28th of August, 1863, Christopher Torrey and John Torrey commenced an action against S. Omar Kingsley and others, and in that action procured an attachment against the property of the defendants therein, which was delivered to this defendant as sheriff. By virtue of the attachment this defendant seized certain property of Kingsley. On the same day, this plaintiff commenced an action of replevin against this defendant, for the same property thus attached by him, claiming to own the property, and the property was taken from the defendant, but redelivered to him, he giving the security required by law. Thereafter, in October, 1863, the defend-

ant, under an order of the court, made in the first mentioned action, authorizing the sale of the attached property as perishable, sold a portion of the same and realized the sum of $1,650. On the 19th day of December, 1863, Kingsley sold and assigned to the plaintiff, all his claim and right to the money in the hands of the defendant as sheriff. On the 23d day of December, 1863, the attachment was, by proceedings instituted by Kingsley, duly vacated by the court.

Thereafter the plaintiff demanded of the defendant the money, and, upon his refusal to pay the same to him, commenced this action to recover it, basing his title upon the assignment to him by Kingsley. The action of replevin was still pending. The defendant set up in his answer, and claimed as his only defence, the pendency of the replevin action. The judge gave judgment for the plaintiff. The defendant appealed to the General Term, and from judgment of affirmance there to this court.

*Philip S. Crooke*, for the appellant.

*Nathan A. Chedsey*, for the respondent.

EARL, C. The only question to be determined in this action is, whether the pendency of the action of replevin between these same parties was a defence to this action, and I am clearly of the opinion that it was not. In that action the plaintiff claimed to own the property at the time it was attached, and the cause of action was the wrongful taking and detention of his property by the defendant. In that action he could recover the property, and damages for its detention, or the value of the property and damages. So far as the defendant had sold the property, and put it out of his power to deliver it to the plaintiff, he was not bound by what defendant received on the sale, but he was entitled to recover its value. That was an action *ex delicto;* this is an action *ex contractu*, to recover the proceeds of a portion of the same property. It is based upon the duty which the defendant owed Kingsley to pay the money to him. The cause of action

accrued primarily to Kingsley, and the plaintiff must recover on the strength of Kingsley's title assigned to him, and he can recover no more than the defendant realized on the sale of the property, without reference to its value. The two causes of action require different proof. In the one, he must prove that Kingsley owned the property at the time the sheriff took it; in the other, he must show that he owned it at that time. A judgment against him in the one, would not be a bar to a recovery in the other, but would tend to show that he was entitled to recover in the other; but he cannot recover in both. If he should recover in the first, that would show that the property was his, and he could not recover in the second; if he should recover in the second suit, that would show that the property belonged to Kingsley when it was taken, and he could not recover in the other. It is thus plain that the causes of action are not identical, and that the doctrine of pleading the pendency of a former suit in abatement has no application to the case. In *Morris* v. *Rexford* (18 N. Y., 552), Judge COMSTOCK held the same, in a case where plaintiff commenced suits of replevin, upon the theory that there was no sale of the property, and afterward commenced another suit for the purchase price of the same property, upon the theory that there was a sale.

I do not assent to the claim of the respondent's counsel, that the defendant was precluded from denying Kingsley's title to the property, because he had attached it as his. This would doubtless have been so, if the attachment had been discharged, and the undertaking given by Kingsley, under sections 240 and 241 of the Code. But here the attachment, as I understand it, was vacated and set aside upon affidavits, as improperly granted. In such a case, the sheriff is not bound to restore the property to the person from whom he attached it, unless such person has some title or interest in it. Here, the return of the property to Kingsley would have been no defence to the action of replevin, brought by the plaintiff. If Kingsley had sued for this money, the defendant could have defended the action by showing that the property belonged

to the plaintiff, and that Kingsley had no interest in it; and he could have defended this action, based upon Kingsley's title, by the same proof. The plaintiff having recovered in this action, if he can recover at all in the replevin suit, can only recover, if the action is properly defended, so much of the property as was not converted into money by the sheriff, and thus recovered in this action.

I, therefore, reach the conclusion that the judgment should be affirmed with costs.

LEONARD, C. The defence insists that the complaint states no cause of action, for the reason that there is no averment of the ownership of the property attached by the sheriff, either as the property of the plaintiff, or of his assignor, the defendant in the attachment suit; and also, that from the facts stated in the answer, and admitted at the trial, it appears that an action of claim and delivery for the property, the proceeds of which are claimed in this action, was pending at the time it was commenced and the answer interposed.

The defendant waived the first ground of objection, by omitting to demur to the complaint. The former action is no bar to this. The defendant alleges by his answer, that he re-took the property after it had been taken in the action for its claim and delivery, executing the bond required by law for that purpose.

He interposed no denial to any fact stated in the complaint in this action, from which it appears that the attachment, his only title, was vacated by the court on motion. It was not vacated *ex parte* under section 240 of the Code, but on an hostile motion, involving the right of the plaintiff in the attachment to that remedy. The sheriff had no right to the property seized, from the moment the attachment was vacated. It was his duty, as sheriff, to have returned it to the party from whose possession he had taken it, or to his assignee.

The defendant insists that this action is inconsistent with the former action, and cites in support of his position *Morris* v. *Rexford* (18 N. Y. R., 552). The second action in that case was to recover the price of two loads of oats, in affirm-

ance of a contract of sale, while the former action of replevin, which was in disaffirmance of the sale, was pending. The cases are not analogous. There was no sale here, and no affirmance of any contract. Both actions are to be maintained, if at all, on the want of any right in the defendant to retain the property attached, or its proceeds after the sheriff sold it. The recovery in this action will be a good defence to the former action, or to any claim for damages for the refusal to return the goods, inasmuch as the plaintiff elects to take the proceeds of the sale made by the sheriff, and thereby affirms his action in selling, but not his title either to the goods seized, or the price for which they were sold. That defence is available to the defendant by a further answer, since the last continuance, to the extent that the money may be the proceeds of the same goods attached. I think it entirely clear that the plaintiff, as assignee, had a good right of action to recover the possession of the goods, the moment the attachment was vacated, and the sheriff refused to deliver them. Another right of action accrued for the proceeds when the sheriff sold the goods, if the plaintiff elected to take the money. The latter cause of action, for which the plaintiff now sues the defendant, did not exist when the former was commenced. There was no election of remedies at the commencement of the first action. The election made when the present cause of action arose, will be a bar to the former one to the extent that the money, here recovered, may prove to be the proceeds of goods taken in the action of the plaintiff for claim and delivery. This recovery is a new fact, occurring since the former answer of the sheriff in that action, and is an assent or affirmance by the plaintiff, of the conduct of the defendant in detaining and selling the goods, and as such may be pleaded as a defence in the former suit. But these facts do not constitute the former action a defence to the new cause of action.

The judgment should be affirmed with costs.

All for affirmance except LOTT, Ch. C., not sitting.

Judgment affirmed with costs.