ALEXANDER McKINLEY, Respondent, *v.* SIDNEY M. TUCKER, Sheriff, &c., Appellant.

(GENERAL TERM, FOURTH DEPARTMENT, JANUARY, 1872.)

If the plaintiff in an execution treats it as properly in the officer's hands after the return day, he waives his existing right of action for its non-return.

Instructions to the deputy after the return day, implying a consent that he may retain the execution, make the deputy the party's agent and discharge the sheriff from an accrued cause of action for its non-return.

Thus where after the return day the plaintiff directed the deputy to take notes and hold them till due, and then apply them on the execution,— *Held*, a recognition that the execution was rightfully in the deputy's hands, consent for his retaining it until maturity of the notes, and a waiver of the accrued right of action for non-return.

*Corning* v. *Southland* (3 Hill, 552), explained and approved ; *McKinley* v. *Tucker* (59 Barb., 93), overruled.

THIS was an appeal by the defendant from a judgment entered in favor of the plaintiff upon the report of a referee.

The case came before the referee for a retrial, granted on a previous appeal to the General Term. (See 59 Barb., 93.)

*S. N. Dada*, for the appellant.

*B. G. Lewis*, for the respondent.

Present—MULLIN, P. J. ; JOHNSON and TALCOTT, JJ.

MULLIN, P. J.   The *fi. fa.* in the case of *McKinley* v. *Dada et al.*, was delivered to Folger, the defendant's deputy, on the 28th March, 1868, and on the same day he levied upon the property, by virtue of it, of sufficient value to satisfy it. The *fi. fa.* has never been returned.

After the return day had passed, Dada, one of the defendants, applied to the plaintiff for further time within which to pay the amount of the execution, and if he would give it, he (Dada) would put into the deputy's hands two promissory notes of $100 each, as security for the payment thereof.

The plaintiff at first peremptorily refused to consent to further delay, but finally as a favor to Dada signed the following note addressed to Folger who still held the *fi. fa:*

"HASTINGS, *July* 22, 1868.

GEORGE FOLGER.—Take the two notes of $100 each, made by Howard and indorsed by Willard Johnson, and hold same till due, and when paid apply them on execution against Merrill and Dada, and I will not hurry you on the execution.

ALEXANDER MCKINLEY."

This note was delivered to Folger, who received the notes for the purpose for which they were delivered to him.

One of the notes was paid, and the avails paid over to the plaintiff to apply on the *fi. fa.* The other note has never been paid; it matured in December, 1868. This action was commenced 23d January, 1869.

On the 11th December, 1868, the plaintiff wrote to Folger, saying: "I want you to close up the *fi. fa.* by the 1st January, if possible."

The facts, as thus stated, are taken from the findings of the referee, and they are all that have any material bearing on the questions of law arising in the case.

The action is for not returning the *fi. fa.* as required by law.

The non-return in sixty days is conceded, and a right of action accrued to the plaintiff by reason thereof.

The defence is, that its return, and the action for its non-return, were waived.

The note to Folger is an unequivocal recognition that the *fi. fa.* is rightfully in his hands, two months after the return day, and gave plaintiff's consent to the retention of it by Folger until the notes deposited with him became due.

This instruction is wholly inconsistent with the right of the plaintiff to sue for its non-return until the expiration of the time thus specified by himself.

When a plaintiff sues for the non-return of a *fi. fa.*, he sur-

renders all right to control it, or the officer holding it; and if he assumes to control it, to treat it as properly in the officer's hands after the return day has passed, he waives his right of action. He cannot treat the process as rightfully in the hands of the officer, and at the same time sue for damages because it was not returned.

In *Corning* v. *Southland* (3 Hill, 552), the return day of the *fi. fa.* was the 23d February, 1841. On the 18th of that month, the plaintiff's attorney wrote to defendant's deputy, informing him that plaintiff would accept an indorsed note for a part of the debt at four months and the balance in money, and if it was satisfactory, the judgment would be satisfied.

But the attorney refused, in the most positive manner, to interfere with the *fi. fa.* This letter was received about the 22d or 23d February. A note was then prepared and sent to the plaintiff, which was not satisfactory, and on the 12th March the suit was commenced.

On the trial it seems to have been conceded that if the letter of the attorney had been received before the return day, the action could not be maintained. The defendant's counsel insisted that the letter became operative from its date, and requested the court so to charge. The court refused, but charged them that if it reached the deputy before the return day, they should find for the defendant; if they found otherwise, their verdict should be for plaintiff. The jury found for the plaintiff.

The court at General Term held this instruction to the jury erroneous, but on other grounds refused a new trial.

COWEN, J., in speaking of the charge says: Taking it as the learned judge did at the trial, that Mr. White's (the attorney's) letter of 18th February contained an authority to hold the execution over the return day, the case may, I think, be put in this way: the deputy assumed the office of a private agent and held over on the presumed account of the plaintiffs or their attorneys. This he had no right to do at the time, but, like an act of any other person assuming to be agent, or

McKinley *v.* Tucker.

of an agent going beyond his authority, the act or excess must be legalized, or rendered valid, by subsequent adoption. Suppose, for instance, no letter had been written by the attorney, but he had distinctly approved of the delay, such approbation certainly would not have enured directly to discharge a claim or cause of action founded on the neglect, but it would have had that effect indirectly, on the maxim "*animus ratihabitis*," etc. The maxim was thus applied to discharge, or rather limit, a claim in *Armstrong* v. *Gilchrist* (2 J. Cas., 424; Livermore on Agency, 44, 47). Indeed, the cases are entirely familiar, and very numerous, of men assuming to act for others on the emergency of the occasion, even wrongfully and injuriously, being saved from an action by the party interested acquiescing in the transaction as done for his benefit. The judge, I think, erred, therefore, in putting the case to the jury whether the letter arrived before or after the 23d February.

But as the officer did not conform to the condition on which the consent to delay was given, a new trial was denied.

Now, if I understand this case, it decides authoritatively that consent by a party or his attorney that a deputy may retain a *fi. fa.* after the return day after the consent is a waiver of a right of action then accrued in favor of the plaintiff in the *fi. fa.*, and that such instruction to a deputy makes him the agent to the party and the sheriff is thereby discharged.

If this is a correct view of the case, it is decisive of the one before us, and renders necessary a reversal of the judgment, unless the decision of the fifth judicial district controls us.

The rule of this department has been to yield the views of the judges of the present General Term to those of the judges of the District General Term in the same case where they are directly upon the question presented for decision, unless they have been overturned by the Court of Appeals, or they acted upon a misapprehension of the facts or of the law, and the error is such that if the case was again before them they would in all probability come to the opposite conclusion.

I sat in the District General Term when this case was before it, together with MORGAN and DOOLITTLE, JJ. They came to the conclusion that the letter to Folger did not waive the right of action which had accrued to the plaintiff before it was written, and reversed the judgment of the referee, which was then in favor of the defendant.

I dissented from my brethren for the reason that in my opinion the right was waived.

The case of *Corniny* v. *Southland, supra,* was cited on the argument, and Justice MORGAN in his opinion states the case as follows: In *Corning* v. *Southland* the proposal of the plaintiff to the deputy to take a note was before the return day, yet as it was not got up according to the proposal, the sheriff was held responsible for not returning the execution.

With the highest respect for the views of my brethren who sat with me in the argument in the District General Term, I am constrained to say that the case of *Corning* v. *Southland* was entirely misunderstood.

The letter of the attorney was dated before the return day, and was found by the jury to have been received before that day, but the court in banc held that it was wholly immaterial whether it was received before or after the return day it discharged the action. If received before, no right of action ever accrued; if after, it was a satisfaction of the non-return and waived a right of action if it had accrued.

I cannot doubt but that if my brethren had so understood the case they would not have reversed the judgment of the referee.

The case of *Corning* v. *Southland* is not only binding as authority, but the grounds on which the case was decided commend themselves to every person's sense of justice.

The judgment should be reversed and new trial ordered; costs to abide the event.

Judgment reversed.