Martin, J.
It is alleged in the complaint that the defendant wrongfully took and collected three promissory notes which belonged to the plaintiff, of the value of $818, and that by reason thereof the defendant became indebted to the plaintiff in that sum, and he wrongfully received said money; and that he refused to pay it to the plaintiff, notwithstanding she had made demand therefor. The proof was that in the fall of 1883 plaintiff became insane, and was removed to an asylum, where she remained until June, 1887; that at the time of her removal she was residing with her father and step-mother at Gran-by, N. Y.; that she was then the owner and in possession of the notes in question, and also of other notes, mortgages, and personal property, which were in her trunks, and left at her father’s house; that her father subsequently -died; that after her father’s death the defendant, with the consent of the plaintiff’s step-mother, took charge of the plaintiff’s trunks and their contents, and removed them to the place where he and his wife, who was the plaintiff’s ¡sister, then resided; that the notes in question were collected by the defendant; that after they were collected, and before this action, a conversation took place between the parties, in which the plaintiff inquired of the defendant where her money was, to which he replied that he had every dollar of it and was saving it for her. There was neither claim nor proof that the defendant ■ever had any money which belonged to the plaintiff except that which he collected on those notes, nor was there any proof of any demand for the money thus collected.
It is quite apparent from the evidence that the defendant took possession of the plaintiff’s property, collected these notes, saved the money for the plain-tiff, and preserved her other property, because she was the sister of his wife, who was, so far as the evidence discloses, the only surviving relative she had, .and the only person interested in her welfare, or in the preservation of her property. That defendant has acted in the most perfect good faith towards ■.the plaintiff in the care and preservation of her property, and that the plaintiff has been benefited thereby, we can find no reason to doubt. But the plaintiff contends that the taking and collection of the notes was wrongful in that it was without her consent, and hence that the judgment was proper, and should be upheld. It is, perhaps, true that, while the defendant was .guilty of no moral wrong, yet that he was guilty of a technical one, for *749 which he would be liable, unless his acts have been ratified by the plaintiff. It is quite manifest from the plaintiff’s own evidence that she knew that the-notes in question had been collected when the conversation took place between the parties about her money. There is no claim or pretense that the defendant ever had any other money belonging to her, nor that the conversation between them related to any other money than that collected upon these notes. When the plaintiff asked about this money she was frankly told by the defendant that he had it, and was saving it for her. With this she was content. She interposed no objection, and made no demand for its delivery toller. We think the evidence was such as to raise an implication of her approval of his action, and of her consent that he should continue to hold the money for her. We are inclined to the opinion that the plaintiff’s acts amounted to a ratification of the defendant’s action in taking and collecting the notes in question, and to a consent that he should hold the money for her. Towle v. Stevenson, 1 Johns. Cas. 110,112; Armstrong v. Gilchrist, 2 Johns. Cas. 424; Cairnes v. Bleecker, 12 Johns. 300; Hazard v. Spears, 2 Abb. Dec. 353; McKinley v. Tucker, 6 Lans. 214, 217; Story, Ag. §§ 255, 256;-Evans, Erin. & Ag. (Text-Book Ser.) 107 et seg. Assuming, then, that the-defendant retained the money collected for the plaintiff, and by her consent, thus holding it on deposit for her, it follows that a proper demand was necessary before an action could be maintained for its recovery. Boughton v. Flint, 74 N. Y. 476; Payne v. Gardiner, 29 N. Y. 146; Downes v. Bank, 6 Hill, 297. The correctness of this principle seems to have been recognized by the plaintiff when the complaint in this action was prepared, as she alleges a demand. If correct in our conclusion, it follows that the court erred in denying the motion for a nonsuit on the ground that no demand had been made. „ The answer contained a counter-claim for services rendered of the value of $50, and for expenses paid by defendant to the amount of $50, which services-were rendered and expenses paid in collecting notes belonging to the plaintiff, in paying her debts, and in preserving her property, and which were rendered and paid at her request. Ho reply was served. On the trial the defendant moved that that portion of the counter-claim alleging services be admitted and allowed. The motion was denied, and the defendant excepted. That a-counter-claim such as was contained in the défendant’s answer may be properly set up, even in an action of tort, seems to be settled. Carpenter v. Insurance Co., 93 H. Y. 552. Section 522 of the Code of Civil Procedure provides that each material allegation of new matter in the answer, not controverted by the reply, where a reply is required, must, for the purposes of the-action, be taken as true. In this case a reply was required, (Code Civil Proc. § 514,) and hence the allegations of the answer which constituted a counterclainf were to be taken as true. We think the court erred in denying the defendant’s motion, and that his exception to such ruling was well taken.Isham v. Davidson, 52 N. Y. 237. We are of the opinion that the defendant’s appeal should prevail, and that the judgment and order should be reversed. Judgment and order reversed, and a new trial granted, with costs to abide the event.
Hardin, P. J., concurs.