(28 App. Div. 469.)

### SCHAEFER v. EMPIRE LITHOGRAPHING CO.

(Supreme Court, Appellate Division, Second Department. April 19, 1898.)

COUNTERCLAIM—DISTINCT TRANSACTIONS.

In an action in tort for the conversion of plaintiff's property by defendant, with whom it had been stored, a demand by defendant for storage for the period prior to the alleged conversion does not arise in the same transaction as that from which the plaintiff's claim springs, and is not a proper counterclaim.

Appeal from special term, Queens county.

Action by William E. Schaefer against the Empire Lithographing Company. From an interlocutory judgment sustaining a demurrer to a counterclaim, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edgar J. Lauer, for appellant.
Thomas A. McKennell, for respondent.

CULLEN, J. The complaint is plainly in tort for the conversion of the property, and not on contract for a breach of the agreement for storage. A demand for the value or price of the storage is not a proper counterclaim in such an action. It does not arise

in the same transaction as that from which the plaintiff's claim springs. The plaintiff's cause of action is based on the sale and disposition of the property by the defendant. The defendant's claim is founded on its services in storing the property previous to the time of the alleged conversion. Plainly, the storage of the property before it was sold and the sale of the property were different transactions.

The interlocutory judgment appealed from should be affirmed, with costs. All concur.