BERNHEIMER et al. v. HARTMAYER.

(Supreme Court, Appellate Division, First Department. April 12, 1900.)

1. REPLEVIN—COUNTERCLAIM—STORAGE CHARGES.
Where a complaint in replevin alleged unlawful withholding of property after demand, and a counterclaim was filed for storage, a demurrer to such counterclaim on the ground that it was not pleadable for the reason that it did not arise out of the same transaction, and was not connected with the subject-matter thereof, as required by Code Civ. Proc. § 501, was

improperly overruled, since the complaint charged a tort, and such counter-claim was based on contract to pay for the care of property.

2. SAME—SUBSEQUENT CAUSE OF ACTION.

Where a counterclaim in replevin claimed damages sustained in removing the property claimed, and also for removing other property belonging to defendant, a demurrer thereto, on the ground that it did not arise out of the transaction which constituted plaintiff's claim, and was not connected with the subject-matter thereof, as required by Code Civ. Proc. § 501, was improperly overruled, since such counterclaim alleged a cause of action subsequent to the commencement of the action, and not in existence prior thereto.

Appeal from special term, New York county.

Action by Simon E. Bernheimer and another against John Hart-mayer. From an interlocutory judgment overruling a demurrer to defendant's counterclaim, plaintiffs appeal. Reversed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTER-SON, O'BRIEN, and INGRAHAM, JJ.

Benjamin G. Paskusz, for appellants.
Edward Goldschmidt, for respondent.

McLAUGHLIN, J. This was an action of replevin. The complaint charged that the plaintiffs, on or about the 5th day of May, 1899, were the owners and entitled to the immediate possession of certain personal property, which the defendant then wrongfully took, and has since wrongfully and unlawfully withheld, from the plaintiffs, notwithstanding a demand duly made therefor. The answer, after alleging that the defendant, prior to the commencement of the action, had offered to deliver the property mentioned to the plaintiffs, upon payment by them of a certain sum alleged to be due for storage, set up two counterclaims: (1) A claim for storage of the property mentioned in the complaint from the 5th to the 31st day of May, 1899; (2) a claim for damages alleged to have been sustained in removing from defendant's premises, on the 31st day of May, 1899, the property mentioned in the complaint, and also for the wrongful removal on that day of certain property which belonged to the defendant. The plaintiffs demurred to both counterclaims, upon the ground that they were not of the character specified in section 501 of the Code of Civil Procedure, in that they did not tend to defeat or diminish the plaintiffs' recovery, and that neither of them was a cause of action arising out of the transaction set forth in the complaint as the foundation of the plaintiffs' claim, and that neither of them was connected with the subject-matter of the action. The demurrer was overruled, and from the interlocutory judgment thereafter entered plaintiffs have appealed.

We are of the opinion that the demurrer should have been sustained. As to the first counterclaim, it does not arise out of the transaction set out in the complaint as the foundation of the plaintiffs' claim, and it is not connected in any way with the subject-matter of it. The complaint, it will be noticed, after setting forth the plaintiffs' title to the property sought to be replevied, alleged that "on or about the 5th day of May, 1899, the defendant herein wrongfully took possession of the aforesaid chattels, and since then the de-

fendant has wrongfully and unlawfully withheld, and still wrongfully and unlawfully withholds, the same from these plaintiffs." The cause of action and the plaintiffs' right to recover are based upon the defendant's wrongful act in taking and retaining possession of the property referred to, while the allegations of the counterclaim are that on or about the 5th of May, 1899, the defendant, as owner, entered into possession of the premises in which the chattels described in the complaint were stored; that he then ascertained that the plaintiffs were or claimed to be the owners of the chattels, and that he notified them to remove them; that, although they promised to do so at once, they permitted the same to remain on the premises until May 31st, when they were removed by the sheriff, under the writ of replevin issued in this action; and "that a reasonable charge or compensation for the use of defendant's premises by plaintiffs for the storage of said chattels from May 5th to May 31st is $50." The cause of action alleged in the complaint has its origin in, and is based upon, an alleged tortious act of the defendant. It is an action ex delicto. Witty v. Campbell, 44 N. Y. 410; Schaefer v. Lithographing Co., 28 App. Div. 469, 51 N. Y. Supp. 104. The existence of the counterclaim, and its establishment, depend upon a contract, either express or implied,—an agreement on the part of the plaintiffs to pay what it was reasonably worth to care for the property during the time alleged in the counterclaim. Manifestly, a charge for the storage of property subsequent to a refusal to deliver it to one who is legally entitled to it cannot, under the section of the Code referred to, constitute a counterclaim. If, as contended by respondent's counsel, defendant had a lien for storage at the time the demand is alleged to have been made, then the plaintiffs must necessarily fail in the action. As already indicated, to entitle them to recover they must prove that they were entitled to the possession at the time the demand was made, and if the defendant then had a lien they had no such right.

As to the second counterclaim, the allegations, in substance, are that on the 31st of May, 1899, the plaintiffs entered the defendant's premises, without the defendant's consent, to remove certain property belonging to them, and in doing so removed certain property belonging to the defendant, and also damaged other property of his. Whatever may be said as to the cause of action here attempted to be alleged, it is clear that it does not arise out of the transaction which constitutes the plaintiffs' claim, nor is it connected with the subject-matter of it. The cause of action here alleged did not exist at the time the action was commenced. It had its origin subsequent to the commencement of the action. It was something done by the sheriff in the execution of the writ of replevin, and, in addition to this, there is nothing to show that the property, or any of it, was referred to in the complaint. If it be true that the plaintiffs have wrongfully taken from the defendant, since the commencement of the action, property to which they were not entitled, the defendant has his remedy; but he cannot justify his own wrong in refusing to deliver to the plaintiffs property to which they were entitled by showing that they have committed a wrong by taking from him, subsequent to the commencement of the action, property to which they were not entitled.

It follows that the judgment appealed from must be reversed, with costs, and the demurrer sustained, with costs, with leave to the defendant to amend his answer within 20 days, on payment of costs in this court and in the court below.   All concur.

