McNell-Randolph Holstein Farms, Inc., Respondent, *v.* Calvin B. McNell, Appellant.

Fourth Department, May 7, 1924.

**Pleadings — defense and counterclaim — action for conversion — funds of plaintiff were deposited in bank to its credit and subsequently withdrawn by defendant, officer and manager of plaintiff — defense and counterclaim that money withdrawn was used by defendant to pay his salary and other obligations due him is good under Civil Practice Act, § 261 and § 266, subd. 1 — counterclaim is not good as to cause of action alleging conversion of money before deposit.**

In an action for conversion based on the withdrawal by defendant, an officer and manager of the plaintiff, of moneys deposited in a bank to plaintiff's credit and the alleged use thereof by the defendant for his own benefit, a defense and

counterclaim interposed by the defendant is good under section 261 and subdivision 1 of section 266 of the Civil Practice Act which alleges that the defendant at the time of the alleged conversion was an officer and manager of the plaintiff and in active charge of its business with authority to collect moneys and pay obligations, and that the money withdrawn from the bank by the defendant was used by him to pay his salary and to repay money loaned by him to the plaintiff and to pay for board and lodging of laborers, and that the taking of the money was part of the transaction involving the management of the plaintiff's business.

The counterclaim is not good as to the first cause of action which alleges that the defendant converted money received by him without depositing it to plaintiff's credit or without accounting for it.

APPEAL by the defendant, Calvin B. McNell, from an order of the Supreme Court, made at the Chautauqua Special Term and entered in the office of the clerk of the county of Chautauqua on the 19th day of April, 1923, dismissing the defenses and counterclaims in the defendant's second amended answer, and granting leave to plead over.

*Mott & Ottaway* [*Lee L. Ottaway* of counsel], for the appellant.

*Pickard & Bodine* [*Clare A. Pickard* of counsel], for the respondent.

PER CURIAM:

The second cause of action alleged in the complaint is for conversion of certain moneys received for the sale of cattle by defendant, an officer and manager of plaintiff corporation. It is stated that the proceeds of such sale were deposited in a bank to plaintiff's credit, but part of the money was subsequently withdrawn by defendant and converted to his own use.

For defenses and counterclaims defendant alleges that he was in active charge of the business and had full and complete control of the funds of the corporation as officer and manager, and his duties included the collection of money, the payment of bills and general control of the affairs of the concern; that at the time of the alleged conversion a portion of his salary was past due; that money he had loaned plaintiff at its request was due and unpaid, and that he had a claim for the board and lodging of farm laborers furnished at plaintiff's request; and that the taking of the money by himself was a part of the transaction involving management of the property of plaintiff, as set forth in the complaint.

If he had such valid claims, we think they would be proper as defenses and counterclaims under the provisions of section 261 and section 266, subdivision 1, of the Civil Practice Act. They arose out of the contract of employment and the transactions between the parties under such contract, and are connected with the subject of the action. (*Carpenter* v. *Manhattan Life Ins. Co.,*

93 N. Y. 552; *Ter Kuile* v. *Marsland*, 81 Hun, 420; *Cooper* v. *Kipp*, 52 App. Div. 250; *Birch* v. *Hall*, 3 N. Y. Supp. 747.)

We do not believe they are proper counterclaims against the first cause of action, which alleges that defendant converted money received by him without depositing it to plaintiff's credit, or without accounting for it. (*Rochester Distilling Co.* v. *O'Brien*, 72 Hun, 462; *Schaefer* v. *Empire Lithographing Co.*, 28 App. Div. 469; *Britton* v. *Ferrin*, 171 N. Y. 235.)

It probably means that the action must eventually be severed in order that the issues may not be confused upon the trial, but that is the result of joining in the complaint two dissimilar causes of action, as to one of which counterclaims may not be interposed, and as to the other they are allowable.

The order should be modified by providing therein that said counterclaims and defenses are stricken out as against the first cause of action, but may stand as against the second cause of action; and as modified the said order should be affirmed, without costs.

All concur.

Order modified and as modified affirmed, without costs of this appeal to either party.