AUGUSTUS H. NOELLER, Plaintiff, *v.* FRANK J. DUFFY and Another, Defendants.

Supreme Court, Niagara County, February 28, 1926.

Corporations — action by director to compel general manager of corporation to account for funds misappropriated — pleadings — counterclaim for money due manager from corporation — motion to dismiss counterclaim must be made within ten days after service of answer under Civil Practice Act, § 278, and Rules of Civil Practice, rule 109 — counterclaim sufficient under Civil Practice Act, § 266 — plaintiff and defendant corporation should have served replies to counterclaim — motion to dismiss counterclaim denied — plaintiff and defendant corporation given leave to serve replies.

A motion to dismiss a counterclaim must be made within ten days after service of the answer in which the counterclaim is interposed, and the failure to apply for such relief within such time constitutes a waiver of the right to so move under section 278 of the Civil Practice Act and rule 109 of the Rules of Civil Practice.

Accordingly, plaintiff who, as a director of the defendant corporation, sued the general manager thereof to compel an accounting of funds misappropriated, is not entitled to a judgment dismissing counterclaims interposed in the answer served by said general manager wherein he alleged that the funds were taken to apply on account of certain indebtedness owing to him by the corporation for salary and for disbursements, where plaintiff failed to move within ten days after the service of the answer.

Moreover, said counterclaims were properly interposed and come within the definition of a counterclaim as recited in subdivision 1 of section 266 of the Civil Practice Act, since they were based upon salary accruing out of and disbursements made in the business of defendant corporation over which defendant was in general charge and, therefore, arise out of the transaction set forth in the complaint.

Notwithstanding the fact that both plaintiff and defendant corporation are in default in not replying to defendant's counterclaim, service of his answer having been made upon both, plaintiff and said corporation will be permitted to serve replies to defendant's counterclaims so that if the defaulting parties so desire they may litigate the matters set forth in the counterclaims.

MOTION by plaintiff to dismiss counterclaims in defendant Duffy's answer and motion by said defendant for judgment on counterclaims, dismissing complaint, and against corporate defendant for excess of counterclaims over amount demanded in complaint.

*H. A. Constantine,* for the plaintiff and for defendant Frank J. Duffy, Inc.

*Cohn, Chormann, Franchot, Runals & Robillard,* for the defendant Frank J. Duffy.

HARRIS, J. The complaint herein sets forth two alleged causes of action, both brought under sections 90 and 91 of the General Corporation Law. The defendant Frank J. Duffy, Inc., has not answered herein. The defendant Frank J. Duffy has answered; this answer sets up two affirmative defenses and counterclaims. The complaint, in brief, alleges the conversion of certain funds by the defendant Frank J. Duffy who, at the times mentioned in the complaint, was in general charge of the business of the defendant Frank J. Duffy, Inc.; the affirmative defense and counterclaims, in substance, admit the taking of the funds, but allege that the funds were taken to apply on account of certain indebtedness owed to the defendant Frank J. Duffy by the defendant Frank J. Duffy, Inc., for salary for services rendered to the defendant Frank J. Duffy, Inc., by the defendant Frank J. Duffy, and for disbursements made by the said Frank J. Duffy on behalf of the defendant Frank J. Duffy, Inc., and in its business.

The plaintiff has moved for an order dismissing the counterclaims in the answer of the said defendant Frank J. Duffy, on the grounds that such counterclaims are improperly interposed in said answer

and do not set forth facts sufficient to constitute a counterclaim or cause of action against the plaintiff or the defendant Frank J. Duffy, Inc.

The defendant Frank J. Duffy has moved for judgment upon the counterclaims contained in the answer of said defendant, dismissing the complaint, and for an affirmative judgment against the defendant Frank J. Duffy, Inc., for the amount of the excess of such counterclaims over the amount demanded in the complaint.

In reference to the motion made by the plaintiff to dismiss the counterclaims, I am of the opinion that such motion should be denied, for the following reasons: The motion should have been made within ten days after the service of the answer, and the failure to make such motion within such time constitutes a waiver of the right to so move. (Civ. Prac. Act, § 278; Rules Civ. Prac. rule 109.)

Another ground for denying the motion to dismiss the counterclaims is that such counterclaims are properly interposed, and come within the definition of a counterclaim as set forth in subdivision 1 of section 266 of the Civil Practice Act. The complaint sets forth that the defendant answering was in general charge of the business of the other defendant, and the counterclaims were based upon salary accruing out of and disbursements made in such business, and in my opinion these counterclaims, therefore, arise out of the transactions set forth in the complaint. It is true that the action is brought, not by the defendant corporation, but by a stockholder who is also a director; but such stockholder stands in the shoes of the defendant corporation in this particular action. (*McNell-Randolph Holstein Farms, Inc.*, v. *McNell*, 209 App. Div. 177; Civ. Prac. Act, §§ 261, 264, 266, subd. 1, 267.)

In reference to the motion of the defendant Frank J. Duffy for judgment on the pleadings, I am of the opinion that the plaintiff and the defendant Frank J. Duffy, Inc., are in default in not replying. The answer was served upon the plaintiff and defendant corporation, and I believe that section 271 of the Civil Practice Act is ample authority for holding that the defendant Frank J. Duffy, Inc., should have replied; and in view of the fact that the plaintiff stands in the shoes of and represents the defendant Frank J. Duffy, Inc., I think that the plaintiff also should have replied to the counterclaims set forth in the answer of the defendant Frank J. Duffy.

In order that the plaintiff and the defendant Frank J. Duffy, Inc., may, if they so desire, litigate the matters set forth in the counterclaims I am inclined to allow them to reply, if they so

desire, on or before March 20, 1926. Orders, therefore, may be prepared, one denying the motion of the plaintiff to dismiss the counterclaims, with ten dollars costs, and the other one permitting the plaintiff and the defendant Frank J. Duffy, Inc., to reply on or before March 20, 1926; and further providing that if such reply or replies are not served on or before that date, the defendant Frank J. Duffy may have judgment dismissing the complaint and for the excess of the counterclaims over the amounts set forth in the causes of action in the complaint.