JOSEPH VAS NUNES, Individually and as a Stockholder, etc., and on Behalf of SCHWAB & MANDEL, INC., Plaintiff, *v.* LAWRENCE SCHWAB and Others, Defendants.

Supreme Court, New York County, April —, 1927.

**Corporations — representative action — action by plaintiff as stockholder of corporation demanding accounting against individual defendants, directors — individual defendants may interpose counterclaim against corporation for services rendered — corporation cannot set up counterclaim as to unpaid stock subscription owed by plaintiff or as to moneys owed to individual defendants.**

In this action by plaintiff, acting in a representative capacity, in which he demands an accounting based upon wrongful acts of individual defendants, directors and managers of the corporation, said defendants may properly interpose a counterclaim for compensation for services rendered by them in connection with the management of the corporation. However, a counterclaim set up by the defendant corporation that the plaintiff has not paid his subscription for stock must be stricken out, for no judgment can be entered in favor of said corporation against the corporation itself, since it is in reality the plaintiff in this action, though represented by one of its stockholders and directors.

A third counterclaim in the answer of defendant corporation relating to moneys owing to individual defendants for services rendered is dismissed.

MOTIONS to dismiss certain allegations set up as counterclaims in the three separate answers to the complaint herein, and to strike out the same allegations which are also set up as separate defenses, or in the alternative requiring each defendant to separately state and number each of said causes of action and defenses.

*S. F. Hartman,* for the plaintiff.

*O'Brien & Cassidy* [*A. F. Driscoll* of counsel], for the defendants.

PETERS, J. The complaint alleges the incorporation of the defendant corporation by plaintiff and the two individual defendants for the purpose of producing plays. Plaintiff and said defendants

were the directors and owned all the stock of the corporation which was formed pursuant to an agreement. The complaint then alleges that the individual defendants conspired to injure the corporation and the plaintiff, as a stockholder thereof, and that each of said defendants " breached and violated their duties and obligations as officers and directors of the corporation and *their obligations under their agreement with the corporation as aforesaid * * *.*" The alleged wrongful acts are then set forth and judgment for an accounting demanded.

Each of the defendants served a separate answer containing denials of the alleged wrongful acts, and by way of defense and counterclaims allegations to the effect (1) that the defendant corporation is indebted to each of the individual defendants for services performed for the corporation under said agreement, and (2) that the plaintiff has not paid for certain stock of the defendant company subscribed for by him in said agreement. Manifestly these allegation do not constitute defenses to the complaint, for it is no defense to a complaint based upon wrongdoing by the defendants to say that plaintiff owes money to one of the defendants or that one of the defendants is indebted to the other defendants.

Whether or not such allegations may be set up as *counterclaims* in this action depends upon the language of section 266 of the Civil Practice Act.

The plaintiff sues not only as a stockholder, but also on behalf of himself and all other stockholders similarly situated, and also on behalf of Schwab & Mandel, Inc., the defendant corporation. The plaintiff, therefore, in fact represents the defendant corporation in this action. Under the provisions of said section a counterclaim may be not only set up against the plaintiff, but " in a proper case, against the person whom he represents." As the corporation is the real plaintiff in this case, a separate judgment may be had by the individual defendant directors against the plaintiff corporation if it be found that there are moneys owing to the defendant directors by said corporation.

The prayer for judgment in the complaint not only demands an accounting, but also that the individual defendants be directed to pay over to the corporation all their gains and profits derived from certain transactions. The alleged wrongful acts of the defendant directors in *the management* of the corporation constitute the subject of the action. The counterclaims of each of the individual defendants is for compensation for services rendered by said defendants in connection with the *management* of the business and affairs of the corporation. This counterclaim, therefore, is directly connected with the subject of the action, would tend to

diminish or defeat plaintiff's recovery, and a judgment can be had in this action in favor of each of said defendants and against the corporation which the plaintiff represents. Said counterclaims are, therefore, properly set up in the answers of the individual defendants. (*Mc Nell-Randolph Holstein Farms, Inc.,* v. *Mc Nell,* 209 App. Div. 177.)

As to the counterclaim set up by the defendant corporation that plaintiff has not paid his subscription for certain of its stock, no judgment can be entered in favor of the defendant corporation and against the corporation itself, for as before stated the plaintiff represents the defendant corporation which is in reality the plaintiff in the action.

The motion to strike out the paragraphs complained of in all three answers as defenses is granted. The motion to dismiss as a counterclaim the allegations in each of the three answers relating to the indebtedness of the plaintiff to the corporation for his subscription to its stock is granted. The motion to dismiss as a counterclaim the allegations in the answer of the defendant corporation relating to the moneys owing to the individual defendants for services rendered to it is granted. In all other respects the motions are denied. Settle order.