FRIGIDAIRE SALES CORPORATION, Plaintiff, *v.* JOHN J. DOLAN, Defendant.

City Court of Albany, April 6, 1931.

*Joseph Besch, Jr.,* for the plaintiff.

*H. Livingston Isenberg,* for the defendant.

BERGAN, J.   This is an action to recover chattels pursuant to the provisions of article III of the Albany City Court Act (Laws of 1927, chap. 575).   Plaintiff alleges that the defendant has " become possessed of and wrongfully detains " the chattels which include a refrigerator, coils and valves.   The complaint states upon its face a cause of action under section 95 of the City Court Act, and a requisition thereon has been issued and the property seized under sections 101 and 102 of the act.   Defendant's special appearance having been overruled by the court, he now makes answer to

the complaint and alleges that the complaint and the affidavit in support of the application for requisition being read together, the court is without jurisdiction to hear an action to replevy the chattels by virtue of section 139 of the City Court Act. The facts have been stipulated and the question of law submitted on the pleadings as to whether, the wrongful detention arising from a default in a conditional sales contract, the court has jurisdiction, under those circumstances, of an action in replevin.

Section 139 of the City Court Act provides, in part: " No action shall be maintained in this court, which arises on a written contract of conditional sale of personal property   *   *   *   except, an action to foreclose the lien, as provided in this article [Article V]. For the purpose of this section an instrument in writing as above stated shall be deemed a lien upon a chattel. Provided, however, that an action may be maintained to recover a sum or sums due and payable for installment, payment or hiring, but in such cases no order of arrest shall issue."

Plaintiff contends, however, that while the wrongful detention, which is the basis of its action in replevin, arises from the failure of defendant to pay installments due on his conditional sales contract, the action in replevin may be maintained notwithstanding section 139, quoted above, because the action in replevin does not arise on a written contract of conditional sale, or indeed on any contract, but arises upon a wrongful detention. In other words, that the action is *ex delicto* in character, not *ex contractu*. It is contended that an action in replevin is entirely tortious in its nature. That theory is in harmony with the decisions in this State (*Witty* v. *Campbell*, 44 N. Y. 410; *American Typefounders Co.* v. *Conner*, 6 Misc. 391; *Bernheimer* v. *Hartmayer*, 50 App. Div. 316 at p. 318). If the legislative intent in the enactment of section 139 was merely to divest the court of jurisdiction of actions arising on contract, it would constitute no bar to the maintenance of the plaintiff's action here.

Section 139 is prohibitory in character. At the very outset it provides that " no action shall be maintained," and continues " which arises on " and thereafter recites the classes of action to which the prohibition applies. It must reasonably follow that it was the legislative intent thereby to divest the court of jurisdiction in some kind or kinds of action. Neither an action for the sums due under a conditional sales contract nor an action to foreclose a lien established thereby are within the prohibition, since they have been specifically excepted.

The plain inference must be that the legislative prohibition primarily was directed at an action in replevin, because that is

the only remaining action maintainable under the City Court Act which might reasonably relate to the causes specified in section 139.

Further, though the detention of chattels may be tortious in character, the wrongful detention becomes such by virtue of the breach of a contract of conditional sale, and an action to replevy upon the breach of such contract does not accrue independently of the contract but by virtue of its provisions, and hence the action to recover possession for a wrongful detention, a tort, must be said to be one " which arises on a written contract."

The history of section 139 of the Albany City Court Act, which is substantially identical with what was section 139 of the New York City Municipal Court Act (Laws of 1902, chap. 580), would seem to give some further evidence of legislative intent to prohibit the Municipal Court and the City Court of Albany from entertaining such actions. So summary and harsh is the remedy of replevin that it might easily become the instrument of grave injustice and abuse where a default in an installment payment would become the basis for immediate replevin and seizure under a requisition. Actual abuse of such process has led the Legislature to limit certain inferior courts in its exercise.

Under section 139 of the Municipal Court Act (Laws of 1902, chap. 580) it was held by the Appellate Term in *Ginzburg* v. *De Silvestri* (42 Misc. 530), Mr. Justice GILDERSLEEVE writing the opinion of the court, in an action in replevin to recover a chattel upon which there had been a mortgage, that " the action comes within the prohibition of the Municipal Court Act * * * for the reason that it arises upon the breach of the terms of a chattel mortgage, made to secure the purchase price of chattels."

The further question raised by the plaintiff, that section 139 creates a cause of action to foreclose a lien upon a conditional sales contract not contemplated in, or provided by, article 4 of the Personal Property Law known as the Uniform Conditional Sales Act, is not material to the question of jurisdiction raised here and need not be discussed. It is essentially a matter of legislative policy. Chapter 575 of the Laws of 1927 re-enacted section 139 of the City Court Act in identical form as it previously had existed notwithstanding article 4 of the Personal Property Law, enacted by chapter 642 of the Laws of 1922, was then operative.

It follows that the complaint should be dismissed without prejudice and the requisition heretofore granted in the action vacated.

Complaint dismissed without prejudice. Requisition vacated.