Walter F. Burgess, Plaintiff, *v.* Harry F. Stevens and Another, Defendants.

Supreme Court, Broome County, July 7, 1933.

Jacob Y. Becker, for the plaintiff.

Merchant, Waite & Waite, for the defendant Harry F. Stevens.

L. W. Boynton, for the defendant Stevens Implement Corporation, not appearing.

PERSONIUS, J. The defendant Harry F. Stevens is herein referred to as "Stevens," and the defendant Stevens Implement Corporation as the "corporation."

The plaintiff, a director of the corporation, sues under sections 60 and 61 of the General Corporation Law, and alleges that Stevens, the president, treasurer and manager of the corporation, mismanaged its business, appropriated and wasted its assets. The complaint demands that Stevens account and return to the corporation an undetermined amount.

Unless the objection hereinafter referred to is good, the plaintiff is entitled to an examination before trial. (Eckman v. Lindbeck, 178 App. Div. 720.) Information, if any, obtained by the plaintiff in an informal examination of the books, does not take the place of a formal examination to be used on trial.

The answer interposed by Stevens denies material allegations of the complaint, sets up a counterclaim for moneys loaned and advanced to the corporation and demands judgment therefor against the corporation. The answer was served on the corporation. Neither it nor the plaintiff has replied thereto. The defendant Stevens, therefore, says that the plaintiff is not entitled to an examination before trial. (Noeller v. Duffy, 126 Misc. 799, 801; Vas Nunes v. Schwab, 129 id. 404, 405.) In those cases motions to dismiss counterclaims in similar actions were denied, the courts holding that they were properly interposed under section 266 of the Civil Practice Act. We are not prepared to subscribe to these holdings. May Stevens interpose a counterclaim for an indebtedness of the corporation incurred by himself as its manager to himself individually, against a claim for mismanagement and waste because he incurred the debt while acting as manager and committed the waste while acting as such manager? Can it be said that the two acts arise out of the same transaction merely because in each instance he was acting as manager? It seems to us that "fundamental principles of justice and equity oppose it." (Walker v. Man, 142 Misc. 288, 291.)

However, assuming that the counterclaim is properly interposed and that this plaintiff, as well as the corporation, should have replied (*Noeller* v. *Duffy, supra*), does his failure to reply deny him the right to an examination before trial? We think not.

The plaintiff's failure to reply or move to strike out this counterclaim (Civ. Prac. Act, § 278; Rules Civ. Prac. rule 109) may constitute an admission of the *facts* alleged in the counterclaim but " not an admission that it [the counterclaim] is properly interposed." (3 Carmody N. Y. Prac. 2179; *Van* v. *Madden*, 132 App. Div. 535; *Smith* v. *Snowber*, 198 id. 820.) " A final judgment on the counterclaim could not be entered in his [Stevens'] favor until after the trial of the main action, the results of which would determine the extent to which judgment on the counterclaim might be given." (3 Carmody N. Y. Prac. 2178, note 93; *Crompton* v. *Seaich*, 142 App. Div. 431.)

The trial of the main action, that is, the issue raised by the complaint and answer, is yet to be heard. For the purposes of that trial the plaintiff here seeks an examination of the defendants before trial. As the plaintiff's failure to reply does not remove the necessity for such trial, it does not affect the plaintiff's right to an examination in preparation therefor.

It was suggested by the defendants that the examination should be limited to the period between the 1st day of January, 1932, and the 1st day of April, 1933. As the complaint stands, this limitation should be applied. To that extent the examination requested is granted, with costs to abide the event.

Submit order accordingly.