Warner, Chief Justice.
1. The error complained of in this case is the granting of a new trial by the Court below. The main facts of the case are as follows : Cogan and Jordan purchased a tract of land with a mill thereon from Christie, who executed to them his bond to make a title thereto when the purchase money therefor should be paid. Cogan went into possession of the land and alleges he has paid all the purchase money, that Jordan relinquished all his interest in the land to him. The evidence in the record upon this part of the case is somewhat conflicting. It appears, however, that Christie, after he had sold the land to Cogan and Jordan, sold it to Smith, and made him a deed, dated 1st November, 1859. Smith sold the land to Jones, and made him a deed, dated 4th August, 1863. On the trial of the case the Court charged the jury that Cogan acquired no title to the land under his bond for title unless all the purchase money was paid, and even if it was all paid, Christie having made a deed to Smith, conveying the land in dispute, the plaintiff was not entitled to recover unless the proof showed that Smith had notice of that fact at the time of his purchase, and the mere fact of Cogan being in possession of the land was not sufficient notice to Smith. The jury found a verdict in favor of Cogan. Whether the Court granted the new trial because the jury found contrary to the charge of the .Court, or because the verdict was contrary to the evidence, does not appear in the record. If Cogan was in possession .df the land at the time Smith purchased it from Christie, that fact was constructive notice to Smith, at least, and sufficient to have put him upon inquiry as to the character and extent of Cogan’s claim of title to an interest in the land, and the charge of the Court was error in regard to that point in the case.
2. In view of the evidence contained in the record, and as *there is some doubt under that evidence whether Cogan was in possession of the land at the time of the date of Smith’s deed, we will not interfere with the judgment of the Court below in granting the new trial.
Judgment affirmed.