FRANKLIN, REID & COMPANY, plaintiffs in error, *vs.* JAMES C. NEWSOM *et al.*, defendants in error.

1. A purchaser of land is bound to inquire into the right of one in possession thereof, and such possession charges the purchaser with notice of that claim of right.

2. Whilst it is a general rule that the right to specific performance is in the sound discretion of a court of equity, yet, in this state, that power is to be exercised by the jury under the evidence and charge of the court.

3. Q. bought land from C., paying part of the purchase money and taking bond for titles. He sold part of the land to L. who was in possession, and who paid the price agreed on for his purchase. F. R. & Co., who were creditors of Q., in order to get the title from C., advanced the unpaid balance of the purchase money to C., under an agreement with

Franklin, Reid & Company *vs.* Newsom *et al.*

Q., that they should take the title to themselves as a security for such advance and also for their original claim on Q. On paying this balance, C. executed the title to Q. who made a deed to F. R. & Co. for the whole land.

*Held,* that F. R. & Co. stand in the place of C., with the right which he had as to holding the whole land subject to his claim for the unpaid purchase money. And to enforce this right in a suit in equity between them and L., or between them and N., a purchaser from L., they may have a decree to sell a portion of the land which was not sold by Q., and if that be not sufficient to discharge what they have advanced of the purchase money to C., then that the balance so sold to L. and N , be liable for the unpaid portion of such advancement.

4. The question of fraud on the part of N., the purchaser from L., was distinctly left by the court to the jury, and it was not error for the court to decline to charge—that if N. paid for the land when he bought from L., partly with property belonging to F. R. & Co., then it was a fraud on them, it appearing that they only held a mortgage on such property, and there being nothing to show that their lien was thereby lost, or could not be enforced against it.

Vendor and purchaser. Possession. Notice. Equity. Specific performance. Lien. Fraud. Before Judge POTTLE. Wilkes Superior Court. November Term, 1874.

The above head-notes report this case.

R. TOOMBS, for plaintiffs in error.

W. M. & M. P. REESE, for defendants.

TRIPPE, Judge.

1. The rule that a purchaser of land is bound to inquire into the right of one in possession thereof, and that such possession charges the purchaser with implied notice of that claim of right, is too firmly established to be now denied: 48 *Georgia,* 585; 25 *Ibid.,* 55; 26 *Ibid.,* 132, 19 *Ibid.,* 337. It was claimed that this case was an exception to this rule, because at the time Lane bought from Quisenby, he, Lane, was in possession as Quisenby's agent or superintendent, and there having been no visible change of possession, the doctrine of implied notice would not arise. In the first

place, it might be replied, that Newsom is the claimant of the land, and he purchased from Lane, and went himself into possession before the deed to Franklin, Reid & Company was executed. Both Lane and Newsom had put improvements on the land and Newsom was in possession when plaintiffs in error got their deed. In Matthews *vs.* Demerritt, 22 Maine, 312, it was held, that the visible possession of an improved estate, even if no visible change of possession takes place at the time of the conveyance, is implied notice of the sale to subsequent purchasers, although the first purchaser's deed was not recorded. There was an exception recognized to this rule, to-wit: when the second purchaser is proved to have known that the first purchaser was in possession without claiming title before he bought, or where, from the circumstances, such knowledge must be presumed. The exception is a reasonable and proper one, but this case does not come within it. Had Franklin, Reid & Company known that Lane was in, not claiming title when he bought, or such facts existed as to cause such a presumption, then they would not be controlled by the general rule so far as Lane was concerned. But nothing of that sort appears. True, he was the son-in-law of Quisenby. But he had put valuable improvements on the land, advised with Calloway, the holder of the title, about buying it; nothing was kept secret, did buy and pay for it; sold it to Newsom for other land Newsom had, and exchanged possession with the latter. In Webster *vs.* Maddox, 6 Greenleaf, 256, the same doctrine was held. There was no visible change of possession when the deed was executed to the tenants; and their possession, though their deed was not recorded, was decided to be sufficient notice of their title. It is true, there was no deed to either Lane or Newsom, but each held a perfect equity against Quisenby, the vendor of Franklin, Reid & Company.

2. There. is no doubt that the general rule is, that the right to a specific performance is in the sound discretion of a court of equity. In this state, that power is to be exercised by the jury under the evidence and charge of the court.

Franklin, Reid & Company *vs.* Newsom *et al.*

Where the evidence and the rules of law justify such a decree, a party has the right to claim it.

3. The title to the whole land was in Calloway, both to the part sold to Newsom and the portion retained by Quisenby. Franklin, Reid & Company advanced the unpaid portion of the purchase money in behalf of Quisenby to Calloway, and were to take the title for their security. In execution of this agreement, Quisenby made a deed to them to all the land. This put them in the place of Calloway, with the right he had as to holding the whole land subject to his claim for the unpaid purchase money. To enforce that right they may have a decree to sell the portion of the land which was not sold by Quisenby; and if that be not sufficient to discharge what they have paid of the purchase money to Calloway, then that the balance so sold to Lane and Newsom be liable for the unpaid portion of such advancement. As the decree did not allow, under any circumstances, the claim of plaintiffs in error to be asserted against that part of the land, it should be modified or a new trial had. The judgment rendered will contain directions on this point.

4. The court refused to charge as requested by plaintiffs in error, that if when Newsom bought from Lane he paid for the land in part with property belonging to them, it was a fraud, and gave as a reason why the request was refused, that Franklin, Reid & Company only held a mortgage on such property. The question of fraud on the part of Newsom was distinctly submitted to the jury by the court. The testimony touching it, and as to Newsom having sent cotton to be shipped to plaintiffs, need not be stated. All was before the jury. Nothing appeared to show that the mortgage lien was not yet good against the property, or that it could not be enforced.

As indicated, the judgment is reversed, and the case remanded with directions.