### BERRY *v.* WILLIAMS *et al.*

ATKINSON, J. 1. A deed absolute in form may be shown to have been made to secure a debt, where the maker remains in possession of the land. *Mercer* v. *Morgan,* 136 *Ga.* 632 (71 S. E. 1075).

2. Actual possession is notice to the world of the right or title of the occupant. *Mercer* v. *Morgan,* supra; *Bridger* v. *Exchange Bank,* 126 *Ga.* 821 (56 S. E. 97, 8 L. R. A. (N. S.) 463, 115 Am. St. R. 118); *Austin* v. *Southern Home &c. Asso.,* 122 *Ga.* 439 (50 S. E. 382).

3. Where the owner of land executes a deed of the character mentioned in the first note, and remains in possession of the land, and the grantee conveys the land to another who has no actual notice of the undisclosed agreement that the deed should operate as a security for debt, and who has made no inquiry of the occupant, the latter may pay or tender the amount of the debt to the first grantee and maintain an equitable action against the first grantee and the remote grantee for cancellation of both deeds as clouds upon his title, and to have the title decreed to be in him.

4. If the first grantee absents himself so that a tender can not be made to him, a suit of the character mentioned in the preceding note may be maintained without a tender to the creditor in person, if the plaintiff offers to pay the money into court for him.

(*a*) Essential parties were not before the court in the case of *Grace* v. *Means,* 129 *Ga.* 638 (59 S. E. 811), to determine the balance due and necessary to be tendered by a purchaser.

5. Where a suit of the character above mentioned is instituted in the county of the residence of the last grantee, on whom the petition is duly served, and there is a prayer for an order for service by publication (under the Civil Code, §§ 5553, 5558) on the first grantee, who is alleged to be a non-resident of the State, it is erroneous at the first term for the judge, without having issued an order for service by publication, to dismiss the action on demurrer interposed by the remote grantee.                    *Judgment reversed. All the Justices concur.*
APRIL 27, 1914.

Equitable petition. Before Judge James B. Park. Baldwin superior court. January 24, 1913.

*D. S. Sanford* and *Hines & Vinson,* for plaintiff.

*Livingston Kenan,* for defendants.