## SUMMEROUR *v.* SUMMEROUR.

GEORGE, J. Margaret Summerour died seized and possessed of the agricultural interest in 220 acres of land, leaving her husband, J. H. Summerour, and nine adult children as her heirs at law. At the time of her death she owed no debts, and there was neither administration nor necessity for administration on her estate. J. H. Summerour represented or claimed to represent some persons who claimed to be the owners of the mineral interest in the land. At the date of the death of Margaret Summerour her husband was negotiating a sale of said land, "including the mineral and farming interests therein," to a named person. Shortly after the death of Margaret Summerour J. H. Summerour "orally represented" to John L. Summerour, one of the adult children of Margaret and J. H. Summerour, and to the other children, that "he had contracted a sale of said property," and that "the consummation of said sale was near at hand," and requested the children to execute to him deeds to their several undivided interests in the land, in order to facilitate said trade and to avoid the delay incident to procuring deeds from each of the heirs when the time was ripe for the closing of the sale and the payment of the purchase-money. In pursuance of this request John L. Summerour, as well as the other children, executed and delivered to his father a quitclaim deed of conveyance to the land. The deed recited a consideration of "one dollar and other valuable consideration" paid, but no consideration was in fact paid or intended to be paid, except John L. Summerour's proportionate share of the proceeds of said sale, which was represented by the father to be $500. The sole purpose of making the deed was to enable the father to consummate the sale of said land, and both the father and son so understood the transaction. The proposed sale failed of consummation, and notwithstanding said failure the father now claims the land as his own, contrary to the purpose, intention, and agreement of the parties, and denies that the son, the grantor in the deed, has any interest in the land. The father has in fact sold two parcels of the land, collected a stated sum of money therefor, and refuses to pay the son any portion thereof or to reconvey to the son his undivided interest in the land remaining unsold. The son resides on and is in possession of a portion of said land. The son instituted an equitable action against the father, making the foregoing allegations, and praying for judgment for his one-tenth interest in the proceeds from the sale of the parcels of land disposed of by the father, for injunction against the sale of petitioner's interest in the land not sold, for cancellation of his quitclaim deed to said land, and for other relief. The defendant demurred to the petition, upon the grounds of no cause of action, of no equity in the petition, and that the petition sought to add to, vary, and contradict the terms of the deed, and to engraft upon the deed of bargain and sale a parol agreement. The demurrer was overruled, and the defendant excepted. *Held:*

The petition set forth a cause of action for the recovery of the plaintiff's share or pro rata part of the proceeds arising from the sale of the parcels of land sold by the defendant; for the reformation of the deed

executed by the plaintiff to the defendant in so far as it affected his undivided interest in the land not disposed of by the defendant; and for injunction. *Brown* v. *Doane*, 86 *Ga.* 32, 37, 38 (12 S. E. 179, 11 L. R. A. 381); *Vickers* v. *Vickers*, 133 *Ga.* 383 (65 S. E. 885, 24 L. R. A. (N. S.) 1043); *Jones* v. *McElroy*, 134 *Ga.* 857 (1, 2) (68 S. E. 729, 137 Am. St. R. 276); Civil Code, §§ 3732, 3739 (1, 2), 3741; *McKinney* v. *Burns*, 31 *Ga.* 295, 299; *Simpson Grocery Co.* v. *Knight*, 148 *Ga.* 410 (96 S. E. 872).          *Judgment affirmed. All the Justices concur.*

No. 943. OCTOBER 17, 1918.

Equitable petition.    Before Judge Jones.    Lumpkin superior court.    April 16, 1918.

*W. A. Charters,* for plaintiff in error.

*R. H. Baker* and *O. J. Lilly,* contra.