## WALLER v. DUNN.

ATKINSON, J. 1. A deed absolute in form may be shown to have been made to secure a debt, where the maker remains in possession of the land. *Mercer* v. *Morgan*, 136 *Ga.* 632 (71 S. E. 1075).

2. Actual possession is notice to the world of the right or title of the occupant. *Mercer* v. *Morgan*, supra; *Bridger* v. *Exchange Bank*, 126 *Ga.* 821 (56 S. E. 97, 8 L. R. A. (N. S.) 463, 115 Am. St. R. 118); *Austin* v. *Southern Home &c. Asso.*, 122 *Ga.* 439 (50 S. E. 382).

3. One who purchases land with notice of an outstanding equity in the property, held by a third person, takes subject to the right of such person to enforce it. Civil Code, § 4529; *Stone* v. *Georgia Loan & Trust Co.*, 107 *Ga.* 524 (33 S. E. 861).

4. Where the owner of land executes a deed of the character mentioned in the first note, and remains in possession of the land, and the grantee conveys the land to another person who has no actual notice of the undisclosed agreement that the deed shall operate as a security for debt, and who has made no inquiry of the occupant, but, notwithstanding such possession of the owner at the time of his purchase, subsequently takes possession without consent of the owner and derives therefrom rents and profits sufficient to discharge the secured debt, the owner may by appropriate equitable pleadings sue for an accounting and recovery of the land, on the ground that such rents and profits were sufficient to discharge the debt. If on the trial it should appear that the debt has been partially but not wholly discharged, a verdict may be rendered declaring the amount of the debt remaining unpaid, and finding the property for the plaintiff on payment of such amount. *Berry* v. *Williams*, 141 *Ga.* 642 (3) (81 S. E. 881).

5. The petition as amended alleged a cause of action, and was not subject to any of the grounds of demurrer.

6. No complaint was made of any error of law committed at the trial. The evidence was sufficient to support the verdict, and there was no error in refusing a new trial. *Judgment affirmed. All the Justices concur.*

No. 2083. FEBRUARY 19, 1921.

Equitable petition. Before Judge Graham. Treutlen superior court. April 14, 1920.

*W. J. Wallace*, for plaintiff in error.

*Eschol Graham* and *A. C. Saffold*, contra.