## SIMS *et al.* v. SIMS.

1. "A deed absolute in form may be shown to have been made to secure a debt, where the maker remains in possession of the land at all times." Under the allegation of the petition (properly construed), which is admitted to be true by the demurrer, the maker of the deed remained in possession of the land at all times; and therefore the petition set out a cause of action, as against the ground of the demurrer that the plaintiff sought to "vary the terms of a written instrument by parol."

Mortgages, 41 C. J. p. 313, n. 66; p. 349, n. 37; p. 364, n. 27, 33.
Pleading, 31 Cyc. p. 333, n. 76; p. 414, n. 13.

2. Where the owner of land executes a deed of the character mentioned in the first headnote, and remains in possession of the land, and the grantee conveys the land to another who has actual notice of the agreement between the parties of the first-mentioned deed, and the grantee in the second deed accepts the conveyance with the understanding that it is not an absolute conveyance, but to secure a loan made by him, the grantor of the first deed may pay or tender the amount of the debt into the court for the benefit of the person to whom it is due, and maintain an equitable action against the first grantee and the second grantee, jointly, for the cancellation of both deeds and to have the title decreed to be in him.

3. The cause of action is not barred by the statute of limitations.

4. The amendment to the petition did not set up a new cause of action, but was an elaboration of the allegations already made.

5. Other grounds of the demurrer not mentioned above were properly overruled, and are not of such character as to require special mention.

No. 5214. July 14, 1926.

Equitable petition. Before Judge Bell. Fulton superior court. November 10, 1925.

Mrs. Mary E. Sims brought suit against W. A. Sims and T. J. Brooke, alleging, in substance, as follows: The plaintiff is the owner of certain described land in Fulton County. On December 13, 1916, she conveyed the same to W. A. Sims by a deed absolute on its face, but in fact the deed was to secure a debt amounting to $10,000. W. A. Sims, in furtherance of an agreement with the plaintiff, placed a loan of $7,500 on said property, which is still unpaid; and, supplying the difference between $7,500 and the $10,000, he paid off an indebtedness on the property, agreeing with the plaintiff to hold said property for her until she could redeem the property by paying off the loan or selling the property. Thereafter, in June, 1917, when an interest coupon was due on the $7,500 loan, W. A. Sims became dissatisfied with the agreement, and desired plaintiff to get some one else to carry the loan for her. On June 18, 1917, the plaintiff made an arrangement by which T. J. Brooke, who was acquainted with all the above-stated facts, agreed to pay off the amount due W. A. Sims, and to carry the indebtedness for the plaintiff until such time as she could pay off the loan or sell the property; and thereupon Brooke, together with the plaintiff's husband and agent, called upon W. A. Sims and stated to him that Brooke would pay the balance due to W. A. Sims, and assume the additional loan of $7,500. This was agreeable to W. A. Sims; and it was then and there discussed between the parties and agreed that W. A. Sims

would execute a fee-simple title to T. J. Brooke, conveying the property in question upon the payment by Brooke of the amount due Sims, and the assumption of the $7,500 loan. This agreement was duly carried out. T. J. Brooke took the said deed for the purpose of securing a loan and the assumption of the loan and for no other purpose, and with the understanding that the plaintiff could redeem by paying the loan and interest thereon. The transaction was not a sale, and has never been treated as such between plaintiff and Brooke.

Petitioner further alleged: "That the plaintiff kept possession of said land thereafter and collected the rents and profits until on or about December 1, 1917, when and at which time plaintiff's agent aforesaid permitted the defendant T. J. Brooke to take possession of said property, with the understanding that he was to collect the rents and profits and pay the taxes, insurance, and interest on said loan." By amendment, the above words last quoted were stricken, and the following was added: "That after the execution of said deed to the defendant, Mrs. M. E. Sims, the plaintiff, never surrendered possession of said property therein mentioned to the said Walter A. Sims, but remained thereafter in continuous possession, and was in such possession at the time the said Walter A. Sims executed said deed herein mentioned to the defendant T. J. Brooke, and the said Walter A. Sims at no time ever exercised any dominion, control, or possession over said property, and at all times recognized plaintiff's title to said property, subject to the repayment of said loan. (2) Plaintiff hereby amends paragraph 10 of the original petition by striking the allegations therein contained, and substituting in lieu thereof the following allegations: Plaintiff was in possession of said land at the time said Walter A. Sims executed the said deed herein mentioned to the said T. J. Brooke, and has ever since said time remained in continuous possession of said land mentioned in said deed, and has at no time surrendered the possession of the same to the said T. J. Brooke. That thereafter the rents and profits of said real estate described in said deed were collected by her husband and agent for a period of about six months after the execution of said deed by the said Walter A. Sims to the defendant, T. J. Brooke, and that on or about December 1, 1917, considerable interest had accrued on the $7,500 loan mentioned in the original petition,

which had been assumed by the defendant, T. J. Brooke. Taxes and insurance were accruing and becoming due on said property, and at said time plaintiff agreed with the defendant, T. J. Brooke, that the property should be placed in the hands of a renting agent who should collect the rents and profits on said real estate for the use and benefit of plaintiff, in that the said rents and profits were to be turned over to the defendant, T. J. Brooke, for the purpose of his applying them to the use and benefit of the plaintiff, in that he was to pay the interest on said loan, pay the insurance and taxes on said property, and apply any remainder to the extinguishment of plaintiff's debt to the said T. J. Brooke. This agreement was executed and has been continuously in force since said date, the real-estate agent being at all times selected by said Brooke and having turned over to said Brooke the rents and profits accruing from said real estate."

There are other allegations in the petition, not so material as to require a statement thereof for the purpose of the present decision. The prayers were: That the defendants be enjoined from disposing of the property; that the security deeds mentioned above be canceled of record upon the payment by the plaintiff of the amount due Brooke; for rule nisi and for process. The defendants demurred generally and specially; and after the petition was amended the demurrers were renewed, with some additions thereto. The sixth ground of the amended demurrer was sustained, and all other grounds of the demurrer were overruled. The defendants excepted.

*Jones, Evins, Moore & Powers,* for plaintiffs in error.

*Louis H. Foster, Charles G. Reynolds,* and *Roy S. Drennan,* contra.

GILBERT, J. 1. The controlling question in this case is whether the court erred in overruling the third ground of the demurrer to the petition, which is as follows: "Defendant demurs generally to said petition, for the reason that the same is an attempt to vary the terms of a written instrument by parol." The Civil Code (1910), § 3258, declares: "A deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved (at the instance of the parties) by parol evidence to be a mortgage only, unless fraud in its procurement is the issue to be tried." On the other hand, it has been decided in

numerous cases, "A deed absolute in form may be shown to have been made to secure a debt, where the maker remains in possession of the land conveyed." It is only necessary to cite a few of these cases, as follows: *Mercer* v. *Morgan,* 136 *Ga.* 632 (71 S. E. 1075); *Berry* v. *Williams,* 141 *Ga.* 642 (81 S. E. 881); *McNair* v. *Brown,* 147 *Ga.* 161 (93 S. E. 289); *Waller* v. *Dunn,* 151 *Ga.* 181 (106 S. E. 93); *Hand* v. *Matthews,* 153 *Ga.* 75 (111 S. E. 408). The law being well settled, therefore, that parol evidence in such a case will not be admitted where the grantor surrenders possession to the grantee, but that such evidence will be admitted where grantor does not surrender but retains possession, the decision of this case depends on the particular construction of the allegations of the petition in regard to possession, and whether or not Brooke had notice of all stages of the transaction previous to his entry into the matter. The allegations of the petition and of the amendment are set out in full in the statement of facts preceding the opinion. Under the proper construction of these allegations, the petition alleges that the grantor remained in possession of her property. All cases cited by the plaintiff in error differ from this case in that particular.

2-5. The remaining headnotes do not require elaboration.

*Judgment affirmed. All the Justices concur.*