## JOHNSON v. HUME et al.

PER CURIAM. 1. Possession by a grantor after the conveyance by him of land is held under the grantee, and is not adverse to him, and neither prescription nor the statute of limitations is available as a defense to an action to enjoin such grantor from repeated trespasses upon the land. *Jay* v. *Whelchel*, 78 *Ga.* 786 (3 S. E. 906).

2. A sale by a trustee of land held by him in trust for beneficiaries is in effect a sale by such beneficiaries, and the beneficiaries can not prescribe against the title conveyed by their trustee.

3. The court charged the jury as follows: "If the defendants or either of them have been in the open, adverse, notorious, and peaceable possession of this property for seven years, with color of title, the plaintiff can not recover." This charge is excepted to on the grounds, that the evidence did not authorize a charge upon the subject of prescriptive title acquired by adverse possession under color of title; and that the court omitted an essential element of title by prescription, that is, that the possession referred to' must be under a bona fide claim of right. But, in view of the ruling made in the preceding headnotes, it is unnecessary to decide the question as to the correctness of the charge as given, or as to its completeness, as the defendant, Mrs. Hume, could not avail herself of the law of prescription as a defense in this case.

4. Section 3630 of the Civil Code reads as follows: "The beds of streams not navigable belong to the owner of the adjacent land; if the stream of water is the dividing line, each owner is entitled to the thread or center of the main current; if the current change gradually, the line follows the current; if from any cause it takes a new channel, the original line, if capable of identification, remains the boundary. Gradual accretions of land on either side accrue to the owner." The provisions in this statute, that if the current change gradually, the line follows the current, and if from any cause it takes a new channel, the original line, if capable of identification, remains the boundary, and gradual accretions of land on either side accrue to the owner, are not unconstitutional upon the ground urged, that they violate the due-process clause of the State and Federal constitutions.

5. Under the decision rendered when this case was here before (*Johnson* v. *Watson*, 157 *Ga.* 349, 121 S. E. 229), and in view of the evidence in the record, a new trial is required under the ruling made in the first headnote.

*Judgment reversed. All the Justices concur, except Hill, J., absent, and*
BECK, P. J., and ATKINSON, J., dissenting. While it is true that if one sell and convey land though he have no title to it, yet if he afterward acquire title it will inure to the benefit of the grantee and pass to the latter under the deed executed at the time when the grantor had no title, we do not think that if one as trustee for a named beneficiary conveys

Adverse Possession, 2 C. J. p. 143, n. 79; p. 144, n. 84 New.
Appeal and Error, 4 C. J. p. 649, n. 36; p. 650, n. 37.
Boundaries, 9 C. J. p. 187, n. 98; p. 195, n. 60, 61.
Constitutional Law, 12 C. J. p. 1217, n. 35 New.
Waters, 40 Cyc. p. 558, n. 57; p. 622, n. 90; p. 625, n. 16.

land to a third person, it would prevent that beneficiary, if he should enter upon the land subsequently to the execution of that deed under a bona fide claim of right and remain in the open, notorious, adverse possession of the same for the period of twenty years, from acquiring the title by prescription.

No. 5479. February 25, 1927.

Equitable petition. Before Judge Maddox. Floyd superior court. May 21, 1926.

*M. B. Eubanks,* for plaintiff.     *Harris & Harris,* for defendants.