*Aaron Kravitch,* for plaintiff in error.
*Hesler, Lewis & Clark,* contra.

SIMPSON *v.* RAY *et al.*

ATKINSON, Justice. 1. A deed absolute in form may be shown to have been made to secure a debt, where the maker remains in possession of the land conveyed. *Mercer* v. *Morgan,* 136 *Ga.* 632 (71 S. E. 1075).

2. "Actual possession is notice to the world of the right or title of the occupant. *Mercer* v. *Morgan,* supra; *Bridger* v. *Exchange Bank,* 126 *Ga.* 821 (56 S. E. 97, 8 L. R. A. (N. S.) 463, 115 Am. St. R. 118); *Austin* v. *Southern Home &c. Asso.,* 122 *Ga.* 439 (50 S. E. 382)."

3. "Where the owner of land executes a deed of the character mentioned in the first note, and remains in possession of the land, and the grantee conveys the land to another who has no actual notice of the undisclosed agreement that the deed should operate as a security for debt, and who has made no inquiry of the occupant, the latter may pay or tender the amount of the debt to the first grantee and maintain an equitable action against the first grantee and the remote grantee for cancellation of both deeds as clouds upon his title, and to have the title decreed to be in him." *Berry* v. *Williams,* 141 *Ga.* 642 (81 S. E. 881). See also *Kent* v. *Simpson,* 142 *Ga.* 49 (82 S. E. 440).

(a) The principle is also applicable if the debt has been fully paid.

(b) The decisions in *Jay* v. *Whelchel,* 78 *Ga.* 786 (3 S. E. 906); *Malette* v. *Wright,* 120 *Ga.* 735 (48 S. E. 229); *Peabody* v. *Fletcher,* 150 *Ga.* 468 (104 S. E. 448); *Rimes* v. *Floyd,* 168 *Ga.* 426 (148 S. E. 86), based on their particular facts, are not to be extended so far as to bring them in conflict with the general rule stated in the second note. See *Kent* v. *Simpson,* supra.

4. The plaintiff, being in actual possession of the land and no inquiry having been made by Simpson as to his right of possession, was not, as against Simpson, estopped by laches from complaining in equity for cancellation of instruments operating as a cloud upon his title. *Smith* v. *Burrus,* 139 *Ga.* 10 (76 S. E. 362); Code of 1910, § 5465; Code of 1933, § 37-1407. The case differs from *Garrett* v. *Crawford,* 128 *Ga.* 519 (57 S. E. 792, 119 Am. St. R. 398, 11 Ann. Cas. 167), and similar cases involving the rights of innocent purchasers.

5. The petition alleged a cause of action for the relief as prayed, and the judge did not err in overruling the demurrer.

*Judgment affirmed. All the Justices concur.*

No. 10276. FEBRUARY 19, 1935.

*Robert Lee Avary Jr.,* for plaintiff in error.
*Pearce Matthews* and *A. E. Wilson,* contra.