### 24322. TRAVELODGE CORPORATION v. CARWEN REALTY COMPANY, INC.

UNDERCOFLER, Justice. Carwen Realty Company, Inc. brought an action of ejectment against The Travelodge Corporation. The defendant conceded that the plaintiff proved a prima facie case and relied upon a defense of estoppel. The court directed a verdict for the plaintiff and the defendant appeals from that judgment.

The facts show that the parties are in possession of adjacent properties in Atlanta, Ga. The defendant is the lessee of the property of one Allen for a period of 49 years and has con-

structed a motel on said property. Both properties are bounded on the northeast sides by the interstate highway right of way. Upon completion of the said highway a small tract of land referred to as a "remnant," not necessary for highway purposes, became available for purchase. The remnant was adjacent to and to the rear of both properties. It was the policy of the city to exchange remnants for other property of the adjacent landowner where it was necessary to acquire additional rights of way. It was also its policy to give first priority for the purchase of remnants to the adjoining frontage property owner.

Defendant's lessor Allen had previously purchased remnants at the rear of this property from the city. Upon learning that another remnant located behind the property was available for purchase, the defendant and Allen made inquiry of the city land agent concerning the portion located to the rear of its property. They were informed that the property was available and if they would make the necessary legal arrangements, they could purchase it. In the meantime, Harold Sheats, the county attorney who was also "helping" the plaintiff in exchanging properties with the city, informed Allen's attorney that he had worked out an exchange of properties for the plaintiff which would inure to the benefit of the Allen property because some of it was located back of the property and he felt certain Allen would be interested in buying it. Sheats wanted to know whether Allen would co-operate in this transaction. Thereafter, about July 1962, Sheats was employed by the defendant to acquire the portion of the remnant on which a part of the swimming pool is now located. Allen and the defendant identified the property to Sheats on maps he was using for reference. The defendant and Allen testified that Sheats was employed because of his representation of the plaintiff in this transaction and because of his special knowledge in handling such matters as county attorney. Sheats is also a director of the Roy Warren Company which is a stockholder of the plaintiff corporation.

About August 7, 1962, when the defendant had completed the construction of its motel and was ready to begin the construction of the swimming pool, the defendant and Allen went to Sheats' office and so informed him. They asked him if Allen would receive the deed to the portion of the remnant behind their property since they desired to place the swim-

ming pool there. At this time acquisition of the remnant was not essential for the construction of the swimming pool but acquisition of the remnant would result in having a more desirable site for it. Sheats showed them some "legal papers" which he had brought into his office and showed them the plats. Sheats told them that only the land agent's signature was needed to complete the transaction and to formally convey the property to Allen. They asked him if he could obtain the deed that day and he told them that he could not because of other obligations. The defendant asked him if there was any reason why it could not proceed with the construction of the swimming pool on the remnant and he replied that he saw no reason why it could not. The defendant proceeded to build a portion of its swimming pool on the remnant. The pool was completed on September 8, 1962 at a cost of $15,000. On September 20, 1962, the city deeded to the plaintiff a portion of the remnant. A portion of the pool is located on a small triangular part of this remnant. The remainder of the pool is located on the original motel property and on a remnant of property which Allen purchased from the city on November 23, 1962, through the efforts of his regular attorney. *Held:*

1. "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." *Code* § 38-116. "Where the estoppel relates to the title to real estate, the party claiming to have been influenced by the other's acts or declarations must not only be ignorant of the true title, but also of any convenient means of acquiring such knowledge. Where both parties have equal knowledge or equal means of obtaining the truth, there shall be no estoppel." *Code* § 38-115. *Wall v. Louisville & N. R. Co.,* 143 Ga. 417 (3) (85 SE 325); *Seaboard A. L. R. Co. v. Holliday,* 165 Ga. 200, 206 (140 SE 507); and *Bank of Lennox v. Webb Naval Stores Co.,* 171 Ga. 464 (156 SE 30). " 'Since the whole doctrine (of estoppel) is a creature of equity and governed by equitable principles, it necessarily follows that the party who claims the benefit of an estoppel must not only have been free from fraud in the transaction, but must have acted in good faith and reasonable diligence; otherwise no equity will arise in his favor.' 2 Pomeroy's

Equity Jurisprudence (4th Ed.), § 813." *Johnson v. Ellis,* 172 Ga. 435 (5) (158 SE 39). Estoppels are not favored. *Code* § 38-114; *Parker v. Crosby,* 150 Ga. 1 (102 SE 446); *Cobb County Rural Elec. Mem. Corp. v. Board of Lights & Water Works of Marietta,* 211 Ga. 535, 539 (2) (87 SE2d 80). In the instant case the defendant knew it was building a portion of its swimming pool on property that it did not own but proceeded on the assumption that it would acquire the property from the city. There was no privity of contract between the plaintiff and the defendant which relationship frequently permits estoppels. Nor is this a case of an owner who remained silent and allowed a purchaser to be misled into believing he had acquired title. *Ga. Pacific R. Co. v. Strickland,* 80 Ga. 776 (2) (6 SE 27, 12 ASR 282). The defendant bases his defense of estoppel in part on Sheats' representation that his lessor Allen would be conveyed the property by the city. The defendant also asserts that Sheats was the agent of the plaintiff and that his knowledge that the swimming pool was being constructed on property to be acquired by the plaintiff was sufficient to raise an estoppel. Without deciding whether this has been proved, this contention overlooks the fact that the defendant at the same time knew that it was a trespasser by building its swimming pool on property that it did not own or have a right to use.

Under the circumstances of this case, we think the defendant was a victim of his own credulity and negligence. *Hays v. McGinness,* 208 Ga. 547, 550 (67 SE2d 720). Accordingly, we find that the defendant failed to exercise reasonable diligence by building the swimming pool on land which its lessor did not own and which its lessor only hoped to purchase in the future and for this reason, it cannot avail itself of the defense of estoppel. The court did not err in directing a verdict for the plaintiff.

2. Under the foregoing ruling, it is not necessary to decide questions concerning agency enumerated as error.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., who dissents.*

ARGUED OCTOBER 10, 1967—DECIDED NOVEMBER 22, 1967—
REHEARING DENIED DECEMBER 4, 1967.

*Arnall, Golden & Gregory, C. E. Gregory, Julian E. Gortatow-sky,* for appellant.

*Powell, Goldstein, Frazer & Murphy, Robert L. Harlin, Wayne Shortridge,* for appellee.