28837. HAYNES et al. v. BLACKWELL et al.

NICHOLS, Presiding Justice.

The appeal in this case is from the following judgment:

"Plaintiffs in this case brought suit against the defendants Blackwell and Poole and the Perimeter Development Corporation seeking to have canceled a warranty deed from plaintiffs to defendants Blackwell and Poole to Perimeter Development Corporation, and a security deed from defendant Perimeter Development Corporation to Gwinnett County Bank.

"Plaintiffs have filed a motion seeking summary judgment against all the defendants herein. Defendants Blackwell and Poole have likewise filed a motion for summary judgment on their behalf against plaintiffs.

"Said motions came on to be heard and evidence was introduced by way of deposition and affidavits of the parties. After argument of counsel thereon, judgment was reserved by the Court in order to consider the evidence introduced on the hearing and briefs of counsel submitted in support of their contentions.

"The evidence shows without dispute that plaintiffs Haynes were owners of a described tract of land situated in Gwinnett County, Georgia; that on April 3, 1972, there were outstanding against this property two security deeds, one to Standard Federal Savings and Loan Association (being the first loan) and one to Consumer Credit Corporation (being the second loan); said property was being foreclosed under the second loan and was to be sold on April 4, 1972.

"On April 3, 1972, plaintiff Guylene Haynes went to the office of defendants Blackwell and Poole and approached them about securing a loan from them upon plaintiffs' property in the amount of approximately $10,000.00 for the purpose of paying off the aforesaid second loan and stopping the foreclosure thereon.

"It is further undisputed that on said date, April 3, 1972, plaintiffs executed and delivered to defendants Blackwell and Poole a warranty deed conveying

plaintiffs' property aforesaid (said deed being plaintiffs' Exhibit 1), a closing statement (being plaintiffs' Exhibit 3), a rental agreement and option to repurchase wherein plaintiffs were identified as tenants (the same being plaintiffs' Exhibit 2), and on same date, plaintiffs issued a letter to Standard Federal Savings and Loan Association of Atlanta advising that they had on that date sold their property to Blackwell and Poole and giving directions as to the disposition of an escrow account and insurance (the same being defendants' Exhibit 1).

"The evidence further shows without dispute that plaintiffs did not comply with the option to repurchase until after said option had expired and that defendants, Blackwell and Poole, then sold the property involved to defendant Perimeter Development Corporation.

"Plaintiffs contend that the aforesaid transaction was not one of bargain and sale but was in reality a loan and that the instruments executed in carrying out said transaction were, in fact, executed to secure a loan and as a subterfuge to disguise the fact that said transaction was, in fact, a usurious loan.

"Defendants Blackwell and Poole say that said transaction was, in fact, a sale with an option to repurchase.

"The Court has now carefully considered the evidence introduced upon the motions and briefs of counsel.

"Plaintiffs freely admitted the execution of the aforesaid warranty deed, option to repurchase, closing statement and letter to Standard Federal Savings and Loan Association, and that they were aware of the contents thereof.

"There is no evidence whatever to show that defendants Blackwell and Poole in any way prevented plaintiffs from reading each instrument that they signed or in any way prevented or attempted to prevent them from knowing of the contents thereof. There is no evidence whatsoever to indicate that defendants Blackwell and Poole in any way pressured or used any form of duress to induce plaintiffs to execute said instruments.

"The instruments aforesaid speak for themselves and are capable of but one construction; that being that the entire transaction was that of a sale and option to repurchase. This is legally permitted.

"Plaintiffs may not by parol evidence vary the terms of these instruments. The instruments speak so loudly for themselves that they overcome, in the Court's opinion, all testimony of the plaintiffs which seek to label the transaction a loan rather than a sale with an option to repurchase.

"Plaintiffs contend that the fact that they remained in possession of the property involved after the execution of the aforesaid instruments was sufficient to support their position that the transaction was in fact a loan and not a sale.

"The option to repurchase and lease agreement entered into by plaintiffs and defendants Blackwell and Poole fully refute this contention.

"Plaintiffs further contend that the record of the aforesaid agreement may not be relied upon because the same was not properly executed in that one witness thereof was not present at the time of the signing of the same by the parties involved.

"However, it is undisputed that said instrument was placed upon the record whether so authorized or not and while it may be true that a deed not authorized to be recorded would not constitute constructive notice to anyone, such instrument would be good between the parties whether recorded or unrecorded and whether subject to record or not. See *King vs. Sears, et al.*, 91 Ga. 577; *Johnson, et al. vs. Jones, et al.*, 87 Ga. 85.

"It is not necessary, in the opinion of the Court, to consider the fact that defendants Blackwell and Poole have sold the property herein involved to defendant Perimeter Development Corporation nor that defendant Perimeter Development Corporation secured a loan thereon from Gwinnett County Bank.

"The evidence, in the court's opinion, demands a finding in favor of the defendants Blackwell and Poole upon their motion for summary judgment and judgment is accordingly rendered in favor of said defendants.

"Judgment is rendered against the plaintiffs on

their motion for summary judgment.

"Judgment having been rendered in favor of defendants Blackwell and Poole, there can be no liability for defendant Perimeter Development Corporation, and accordingly, plaintiffs' petition is dismissed as to all defendants."

1. The allegations of the complaint in this case follow the allegations made in *Isaacson v. House,* 216 Ga. 698, 705 (119 SE2d 113). In that case it was said: "In the instant case, every allegation is direct and clear, perfectly consistent with every other allegation. Indeed the petition in the instant case is structurally as near perfect as should be desired or required. Whatever may be the truth of the case, it was well plead."

2. In *Waller v. Dunn,* 151 Ga. 181 (106 SE 93) it was held: "A deed absolute in form may be shown to have been made to secure a debt, where the maker remains in possession of the land. *Mercer v. Morgan,* 136 Ga. 632 (71 SE 1075).

"Actual possession is notice to the world of the right or title of the occupant. *Mercer v. Morgan,* supra; *Bridger v. Exchange Bank,* 126 Ga. 821 (56 SE 97, 8 LRA (NS) 463 115 ASR 118); *Austin v. Southern Home &c. Assn.,* 122 Ga. 439 (50 SE 382).

"One who purchases land with notice of an outstanding equity in the property, held by a third person, takes subject to the right of such person to enforce it. Civil Code, § 4529; *Stone v. Georgia Loan & Trust Co.,* 107 Ga. 524 (33 SE 861).

"Where the owner of land executes a deed of the character mentioned in the first note, and remains in possession of the land, and the grantee conveys the land to another person who has no actual notice of the undisclosed agreement that the deed shall operate as a security for debt, and who has made no inquiry of the occupant, but, notwithstanding such possession of the owner at the time of his purchase, subsequently takes possession without consent of the owner and derives therefrom rents and profits sufficient to discharge the secured debt, the owner may by appropriate equitable pleadings sue for an accounting and recovery of the land, on the ground that such rents and profits were sufficient

to discharge the debt. If on the trial it should appear that the debt has been partially but not wholly discharged, a verdict may be rendered declaring the amount of the debt remaining unpaid, and finding the property for the plaintiff on payment of such amount. *Berry v. Williams,* 141 Ga. 642 (3) (81 SE 881)." See also *Simpson v. Ray,* 180 Ga. 395 (178 SE 726); Pindar, Georgia Real Estate Law and Procedure, p. 733, § 20-16.

3. "Possession of property by the vendor after an absolute conveyance is prima facie evidence of fraud, which may be explained, and, after possession is proved, the burden of explaining it rests upon those claiming under the sale. *Fleming v. Townsend,* 6 Ga. 103 (1) (50 AD 318); *Patterson Co. v. Peoples Loans &c. Co.,* 158 Ga. 503 (123 SE 704); *Glenn v. Burgess,* 160 Ga. 348 (127 SE 757); *Simpson v. Ray,* 180 Ga. 395 (178 SE 726); *Chandler v. Ga. Chemical Works,* 182 Ga. 419 (185 SE 787, 105 ALR 837)." *Williamson v. Floyd County Wildlife Assn.,* 216 Ga. 760 (1) (119 SE2d 344).

4. "Although it is the statutory rule that 'a deed or bill of sale, absolute on its face and accompanied with possession of the property, shall not be proved, at the instance of the parties, by parol evidence to be a mortgage only, unless fraud in its procurement shall be the issue to be tried' (Code § 67-104; *Brown v. Carmichael,* 149 Ga. 548 (2) (101 SE 124); *Berry v. Royal,* 152 Ga. 425, 427 (110 SE 167)), and this rule applies where it is sought 'to show by parol that a deed absolute in form was in fact a deed to secure a debt' (*Wilkes v. Carter,* 149 Ga. 240 (2) (99 SE 860), and cit.), it is nevertheless true that the above stated restriction does not apply where the deed, though absolute in form, was not accompanied by possession on the part of the grantee. *Askew v. Thompson,* 129 Ga. 325 (59 SE 854); *Mercer v. Morgan,* 136 Ga. 632 (71 SE 775); *Blankenship v. Cochran,* 151 Ga. 581 (107 SE 770), and cit.; *Simpson v. Ray,* 180 Ga. 395 (178 SE 726); 19 RCL 248-251, 261." *Hutchinson v. King,* 192 Ga. 402 (1) (15 SE2d 523).

5. The trial court in granting the motion for summary judgment recognized that the evidence of the plaintiffs presented a question of fact as to whether the transaction was a loan or a sale, but then held that such

testimony could not overcome the terms of the written instruments. Under the evidence adduced a fact question was presented as to whether the transaction was a sale or a loan. The plaintiffs never gave up possession of the premises, the third party who later purchased such land from Blackwell and Poole made no inquiry as to their interest in such land, and a fact question remained for the trier of fact as to the true nature of the transaction.

6. In view of the above ruling it was error to dismiss the complaint as to the other parties defendant.

*Judgment reversed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED MAY 14, 1974 — DECIDED JUNE 26, 1974.

*Harris & Martin, Robert B. Harris, Nancy Pat Phillips,* for appellants.

*Gershon, Ruden, Pindar & Olim, George A. Pindar, Webb, Fowler & Tanner, W. Howard Fowler, J. L. Edmondson,* for appellees.