## 29824. PERIMETER DEVELOPMENT CORPORATION et al. v. HAYNES et al.

UNDERCOFLER, Presiding Justice.

Laurie and Guylene Haynes filed an action to set aside several conveyances involving the same tract of land. The property was conveyed to Jack A. Blackwell and J. Allen Poole on April 3, 1972. Blackwell and Poole on January 2, 1973, sold the land to Perimeter Development Corporation which gave the Gwinnett County Bank a deed to secure debt. The trial court granted a summary judgment to the defendants Blackwell and Poole and denied the complainants' summary judgment. This court reversed the grant of summary judgment and held: "5. The trial court in granting the motion for summary judgment recognized that the evidence of the plaintiffs presented a question of fact as to whether the transaction was a loan or a sale, but then held that such testimony could not overcome the terms of the written instruments. Under the evidence adduced a fact question was presented as to whether the transaction was a sale or a loan. The plaintiffs never gave up possession of the premises, the third party who later purchased such land from Blackwell and Poole made no inquiry as to their interest in such land, and a fact question remained for the trier of fact as to the true nature of the transaction." *Haynes v. Blackwell,* 232 Ga. 430 (207 SE2d 66).

When the remittitur was filed in the trial court, Perimeter and the Bank filed three affidavits and moved for a summary judgment for the first time. The affidavits denied any actual notice of any loan between the Haynes and Blackwell and Poole. The motion for summary judgment was denied and the appeal is from this judgment which was certified for immediate review. *Held:*

1. The appellants contend that since the record showed that the Haynes were in possession of the property under an expired lease agreement, they were relieved

from inquiring into the nature of their possession. There is no merit in this contention.

In *Chandler v. Ga. Chemical Works,* 182 Ga. 419, 424 (185 SE 787) this court said: " 'Possession of land is notice of whatever right or title the occupant has.' Code of 1933, § 85-408. In reference to this section it was said in *Hadaway v. Smedley,* 119 Ga. 264, 268 (46 SE 96): 'If it had been a new principle announced for the first time in that Code (of 1895), it might not have applied to some of the transactions in this case; but it is not a new principle and has always been the law in this State, as will be seen by reference to the opinion of Bleckley, C. J., in *Broome v. Davis,* 87 Ga. 587 (13 SE 749), from which this section of the Code was taken.' The principle is also found in *Peck v. Land,* 2 Ga. 1 (2) (46 AD 368), the second headnote of which is: 'The possession of property, real or personal, remaining with the vendor after an absolute deed of conveyance, is *an evidence of fraud.*' (Italics ours.) In *Fleming v. Townsend,* 6 Ga. 103 (50 AD 318), it was held: 'Possession retained by the vendor, after an absolute sale of real or personal property, is prima facie evidence of fraud, which may be explained, and after the possession is proven, the burthen of explaining it rests upon those who claim under the sale.' In that case Judge Nisbet approved the holding of the lower court that 'The possession in the vendor was, under that Statute (27 Elizabeth), and also by the principles of the Common Law, independent of it, prima facie evidence of fraud.' While this case does not involve the question of defrauding creditors, yet the fundamental principles of notice implied from possession is at the core. The badge of fraud is there prima facie, and required one claiming under the grantee to determine by inquiry whether the badge was real or apparent. 'The burthen of explaining it rests upon those who claim under the sale.' Or as was said in *Fleming v. Townsend,* supra: *'The onus of explanation, after possession is proven, is upon the grantee.'* So it can be seen that from very early times deeds and assignments of property, where the grantor remained in possession, were said to be affected with an infirmity that prevented them from being conclusive. The possession called for inquiry as to the right or title of the occupant in the present case, and opened the transaction

to investigation. In such circumstances the grantee assumed the risk of a court declaring his contract void, in the absence of a satisfactory showing that the transaction was bona fide. In *Berry v. Williams,* 141 Ga. 642 (81 SE 881), it was held: '1. A deed absolute in form may be shown to have been made to secure a debt, where the maker remains in possession of the land. *Mercer v. Morgan,* 136 Ga. 632 (71 SE 1075). 2. Actual possession is notice to the world of the right or title of the occupant. *Mercer v. Morgan,* supra; *Bridger v. Exchange Bank,* 126 Ga. 821 (56 SE 97, 8 LRA (NS) 463, 115 ASR 118); *Austin v. Southern Home &c. Asso.,* 122 Ga. 439 (50 SE 382). 3. Where the owner of land executes a deed of the character mentioned in the first note, and remains in possession of the land, and the grantee conveys the land to another who has no actual notice of the undisclosed agreement that the deed should operate as a security for debt, and who has made no inquiry of the occupant, the latter may pay or tender the amount of the debt to the first grantee and maintain an equitable action against the first grantee and the remote grantee for cancellation of both deeds as clouds upon his title, and to have the title decreed to be in him.' It will be noted that in that case there was 'actual possession' by the grantor. No other facts or circumstances are shown which would demand an inquiry, except the single fact of possession. We have undertaken to show such facts in the present case as an additional reason for a reversal of the judgment. See, to the same effect as in the last mentioned case: *Cogan v. Christie,* 48 Ga. 585; *Franklin v. Newsom,* 53 Ga. 580; *Broome v. Davis,* 87 Ga. 584, 587, supra; *Kent v. Simpson,* 142 Ga. 49 (82 SE 440); *Summerour v. Summerour,* 148 Ga. 499 (97 SE 71); *Waller v. Dunn,* 151 Ga. 181 (106 SE 93); *Sims v. Sims,* 162 Ga. 523 (134 SE 308).

"It is contended by the defendant, however, that the present case is not controlled by the foregoing cases, but is controlled by a line of decisions beginning with *Jay v. Whelchel,* 78 Ga. 786 (3 SE 906), and including *Malette v. Wright,* 120 Ga. 735 (48 SE 229); *Peabody v. Fletcher,* 150 Ga. 468, 479 (104 SE 448); *Johnson v. Hume,* 163 Ga. 867 (137 SE 56); *Rimes v. Floyd,* 168 Ga. 426, 428 (148 SE 86). We think it will be found that the case of *Jay v. Whelchel,*

supra, and the cases following and based upon it, stand upon their special facts. If not, the older cases upon which section 85-408, supra, is founded must prevail. In *Bridger v. Exchange Bank,* 126 Ga. 821, 826 (56 SE 97, 8 LRA (NS) 463, 115 ASR 118), it was stated, as to the *Malette* case: 'The decision never intended to abrogate the general rule, but merely held that the facts of that case did not fall within it.' The two lines of cases have led to some very close decisions. It is worth while to note that Chief Justice Bleckley wrote the decisions in both *Jay v. Whelchel* and *Broome v. Davis,* from which latter the Code provision was taken. There is no conflict between the two decisions."

2. The appellants contend further that because the Haynes knew that the warranty deed and rental agreement were placed on the public record and knew that they would mislead innocent purchasers for value, they are estopped to attempt to set aside the conveyances even though they remained in possession of the land. There is no merit in this contention.

Code § 38-116 provides: "In order for an equitable estoppel to arise, there must generally be some intended deception in the conduct or declarations of the party to be estopped, or such gross negligence as to amount to constructive fraud, by which another has been misled to his injury." *Jones v. Tri-State Elec. Coop.,* 212 Ga. 577 (94 SE2d 497); *Tybrisa Co. v. Tybeeland, Inc.,* 220 Ga. 442 (139 SE2d 302).

" 'Since the whole doctrine [of estoppel] is a creature of equity and governed by equitable principles, it necessarily follows that the party who claims the benefit of an estoppel must not only have been free from fraud in the transaction, but must have acted in good faith and reasonable diligence; otherwise no equity will arise in his favor.' 2 Pomeroy's Equity Jurisprudence (4 Ed.), § 813." *Johnson v. Ellis,* 172 Ga. 435 (5) (158 SE 39). Estoppels are not favored. Code § 38-114; *Parker v. Crosby,* 150 Ga. 1 (102 SE 446); *Cobb County Rural Elec. Mem. Corp. v. Bd. of Lights &c.,* 211 Ga. 535, 539 (87 SE2d 80); *Travelodge Corp. v. Carwen Realty Co.,* 223 Ga. 821, 823 (1) (158 SE2d 378); *Yancey v. Harris,* 234 Ga. 320.

3. Under the evidence adduced a fact question is presented as to whether the transaction was a sale or

a loan.

*Judgment affirmed. All the Justices concur, except Gunter, Jordan and Ingram, JJ., who dissent.*

ARGUED APRIL 16, 1975 — DECIDED APRIL 29, 1975 —
REHEARING DENIED MAY 20, 1975.

*Webb, Fowler & Tanner, W. Howard Fowler, J. L. Edmondson,* for appellants.

*Gershon, Ruden, Pindar & Olin, George A. Pindar, Harris & Martin, Robert B. Harris, Nancy Pat Phillips,* for appellees.

GUNTER, Justice, dissenting.

When this case was here before I dissented. See *Haynes v. Blackwell,* 232 Ga. 430 (207 SE2d 66) (1974). The basis of my dissent there was that the record showed that the Haynes had conveyed the realty by warranty deed to Blackwell and Poole, Blackwell and Poole had conveyed the realty by warranty deed to Perimeter, and Perimeter had conveyed the realty by security deed to a lending institution. The action by the Haynes sought to set aside all three deeds, and they were not entitled to cancellation of the deeds if Perimeter and the lending institution were transferees for value without actual notice of the "secret equity" claimed by the Haynes in the realty.

On the basis of that record, I thought that the only claim the Haynes could possibly have was one for damages for breach of contract against Blackwell and Poole, their immediate grantees in a recorded warranty deed that was claimed by the Haynes not to be, in fact, a valid warranty deed.

The Haynes had conveyed the realty in question to Blackwell and Poole by warranty deed that was recorded. Blackwell and Poole thereafter conveyed the realty by warranty deed to Perimeter, and Perimeter thereafter conveyed the realty by security deed to the lending institution. At the time the Haynes filed their complaint for the cancellation of all three deeds, they alleged that they had remained in possession of the realty since the

execution and delivery of their purported warranty deed to Blackwell and Poole. Their contention was that they had the right to seek cancellation with respect to their immediate grantee, and that because of their possession of the realty, the two remote grantees were charged with notice of their claimed equitable interest in the realty.

It was my view then, and it is my view now, that the Haynes were estopped from procuring cancellation of the three deeds, because the two remote grantees, Perimeter and the lending institution, were transferees for value without actual notice of the "secret equity" claimed by the Haynes.

Retained possession of realty by a grantor in a recorded warranty deed does not constitute notice to a remote transferee for value of any equitable title retained by the grantor-possessor. Such possession constitutes notice of possessory rights under a lease or other possible agreement, but it does not constitute notice of retained equitable title.

Code § 85-408 provides: Possession of land is notice, not only of whatever title the occupant has, but of whatever right he may have in the property. In *Malette v. Wright,* 120 Ga. 735, 741 (48 SE 229) (1904), this court said: "The provisions of the Civil Code, § 3931 [now Code Ann. § 85-408], can have no application to the case of a party who is endeavoring to avail himself of such possession in the face of his own warranty deed, spread on the record, as against an innocent purchaser for value and without notice. Such a possession remaining with the grantor and never surrendered is to be deemed to be held under his grantee, and is not adverse to his title. *Jay v. Whelchel,* 78 Ga. 789. . . The execution of the deed and placing it upon the public records was a solemn publication to the world that the grantor had conveyed to the grantee the land therein described, and the grantor would be estopped from insisting that one who dealt with his grantee on the faith of the deed must take notice of his possession so as to make inquiry whether or not his deed really spoke the truth."

Code § 29-111 provides: "The maker of a deed cannot subsequently claim adversely to his deed under a title acquired since the making thereof. He is estopped from

denying his right to sell and convey." This rule is right, and it should be enforced in all real estate transactions. A grantor cannot convey his realty by warranty deed, properly recorded in the public records, and retain possession and then claim, as against a transferee for value, that he really didn't convey the realty in the first place. I think he is estopped from prevailing in court on the basis of any such contention.

The record in the instant appeal shows clearly that Perimeter and the lending institution were transferees for value without notice of any equitable title allegedly retained by the Haynes when they conveyed their property to Blackwell and Poole by warranty deed. I therefore think that Perimeter and the lending institution were entitled to summary judgment in their favor, and I would reverse the judgment below.

I respectfully dissent.

INGRAM, Justice, dissenting.

I joined the earlier opinion of the court in this case reported in 232 Ga. 430 (207 SE2d 66), but cannot agree that the present appeal has been correctly decided in the majority opinion.

The first appeal was from the grant of a summary judgment to defendants Blackwell and Poole and a denial of a summary judgment to plaintiffs Haynes. The order of the trial court, reviewed in that appeal, expressly provided that the trial judge did not consider the consequences of a subsequent transfer of the land in question from Blackwell and Poole to Perimeter Development Corporation or the later conveyance of the land by security deed from Perimeter to the Gwinnett County Bank. Neither Perimeter nor the bank had filed any motions for summary judgment at that time.

We reversed the grant of summary judgment in favor of Poole and Blackwell, holding that an issue of fact remained as to whether the first conveyance on April 3, 1972, from the Haynes (the plaintiffs) to Blackwell and Poole, was a sale or a loan. The rights of Perimeter and the bank were not in issue in the first appeal. However, there is some language in this court's opinion in the first appeal which indicates that Perimeter and the bank took the

land subject to any equity that the plaintiffs Haynes could present since the Haynes had remained in possession of the land after conveying it to Blackwell and Poole and no actual inquiry had been made of them as to any interest they might still claim in the land.

Upon the return of the case to the trial court following the first appeal, Perimeter and the bank moved for the first time for summary judgment and supported their motions by showing a complete absence of notice of any loan, real or otherwise, between the plaintiffs (Haynes) and Blackwell and Poole, to whom the plaintiffs transferred the land on April 3, 1972, by warranty deed.

Nevertheless, the trial court denied the motions for summary judgment filed by Perimeter and the bank because of the dicta in this court's opinion in the first appeal. I would reverse the judgment in the present appeal because I believe it is erroneous and the issue presented was not decided in the first appeal. In my opinion, the question presented is controlled by the principles stated in *Malette v. Wright,* 120 Ga. 735, 741 (48 SE 229), and an application of the provisions of Code § 37-111. The record in this appeal makes it quite clear to me that Perimeter and the bank are transferees for value without actual or constructive notice of any equitable interest which the plaintiffs Haynes now claim they retained when they conveyed this property by warranty deed to Blackwell and Poole on April 3, 1972. Thus, under my view, the law requires that Perimeter and the bank be granted summary judgments in their favor.