## 55063. TRUST COMPANY OF COLUMBUS v. RHODES et al.

McMURRAY, Judge.

Rhodes, as the principal owner and operator of a motorcycle business in Columbus, Georgia, known as Iwana Suzuki, had been banking with Trust Company of Columbus (the bank) for several years. In connection with the motorcycle business, Rhodes obligated himself on several promissory notes. One of said notes was secured by all inventory to include "parts" located at the place of business of Iwana Suzuki. Said promissory note had a dragnet clause by which the inventory and parts secured all the indebtedness of Rhodes.

On or about July 6, 1976, a fire destroyed the business premises of Iwana Suzuki, including all parts and inventory, and motorcycles on a floorplan. Prior thereto Rhodes had been behind on payments of his notes with problems developing in his account. The bank decided that after collection of insurance proceeds as a result of the fire loss all credit arrangements with Rhodes would cease.

The morning after the fire the bank's principal loan officer as to Rhodes' account with the bank investigated the files to determine insurance coverage. It was discovered that the bank was listed as a loss payee in connection with Iwana Suzuki only as to the motorcycle

inventory. The bank was not listed as a loss payee on the insurance policy which covered the parts and accessories. However, Rhodes advised the bank that the insurance coverage was adequate to cover the indebtedness to the bank.

The loan officer then telephoned Rhodes' local insurance agent to discuss insurance coverage, and it was determined that the bank was not loss payee on the parts and accessories, although it was loss payee on "new inventory." Balboa Insurance Company was thus alerted to the fact that the bank had an outstanding indebtedness against the burned collateral and the local agent advised that he had put the home office or adjuster on notice of this fact, "and that he would make sure any checks in payment for that particular property would be made jointly payable to the bank and Mr. Rhodes." The bank also met with a property claims manager for National Dealer Services, Inc., which is a managing agency for Balboa Insurance Company, and was again informed that the bank was not listed as loss payee on the parts inventory insurance policy but agreed to list the bank as a joint payee on the insurance proceeds draft.

Thereafter, on July 13, 1976, Balboa Insurance Company issued the draft in the amount of $30,960 payable to W. A. Rhodes, d/b/a Iwana Suzuki Sales and Service, which draft covered the insured loss of the parts and equipment at the business premises. The bank was not listed jointly as a payee. Simultaneously another draft was issued by Balboa in the amount of $67,871.01 payable to Rhodes, the bank and U. S. Suzuki Motor Corporation. The bank, of course, had been listed as loss payee as to the motorcycle floorplan. This satisfied the indebtedness with the bank as to the inventory and this aspect of the debt was settled. Officials of the bank then called the property claims manager for National Dealer Services, which is the managing agency.

This agent admitted that he did recall the conversation but, "just plain didn't do it. I forgot to do it." Rhodes proceeded to cash the second check and not pay the bank. Whereupon, the bank sued Rhodes, individually, Rhodes, d/b/a Iwana Suzuki, and Balboa Insurance Company seeking recovery for the entire outstanding

indebtedness in the amount of $21,231, plus attorney fees, earned interest and expenses of litigation.

After discovery the defendant Balboa Insurance Company moved for summary judgment based upon the above admitted facts as shown by the pleadings, interrogatories and depositions. Motion was granted, and plaintiff appeals. *Held:*

In any contract one of the essential elements of same is consideration. Code § 20-301. We have for determination here whether the promissor (Balboa) is benefited or whether there has been a detriment to the promisee (the bank). Code § 20-302. Definitely there was no benefit to the promissor whatsoever, hence, we have for determination whether or not there was a detriment to the promisee by reason of this naked promise. While it is true the creditor upon receipt of the check for the insurance did not pay the bank the verbal agreement between the parties did not result in any detriment to the promisee as there simply was no valid agreement between them but a naked promise to place the bank's name on the joint check. See in this connection Code §§ 20-301, 20-302; *Vanguard Properties Dev. Corp. v. Murphy,* 136 Ga. App. 519, 521-522 (221 SE2d 691). Nor do we find any fraud in the actions of the defendant in failing to list the bank as payee, nor do we find where the bank was to forbear from pursuing a remedy by garnishment or other claim against the insurance funds. Forbearance in bringing suit on a legal claim is sufficient consideration to support a contract. But there are simply no facts here showing that the plaintiff agreed to forbear so as to tie its hands for a definite time so as to constitute a valid consideration. See *Tatum v. Morgan,* 108 Ga. 336 (33 SE 940); *Ballentine Motors v. Nimmons,* 93 Ga. App. 708, 709 (2) (92 SE2d 714). See also *Cutright v. National Union Fire Ins. Co.,* 65 Ga. App. 173 (15 SE2d 540); *Travelodge Corp. v. Carwen Realty Co.,* 223 Ga. 821, 823 (1) (158 SE2d 378). The court did not err in granting summary judgment.

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

ARGUED JANUARY 11, 1978—DECIDED FEBRUARY 14, 1978.

Henson & Cheves, Cecil M. Cheves, for appellant.
Hatcher, Stubbs, Land, Hollis & Rothschild, Richard Y. Bradley, Jerry A. Busbin, for appellees.